NORTHEAST MOTOR COMPANY, INC., T/A HAPPY STORE #102 PETITIONER v.
N. C. STATE BOARD OF ALCOHOLIC CONTROL RESPONDENT

No. 7710SC329

(Filed 7 March 1978)

**Criminal Law § 23; Intoxicating Liquor § 2.3— plea bargain agreement not binding on State ABC Board**

The State Board of Alcoholic Control was not estopped to suspend petitioner's ABC permits for knowingly selling beer to a minor by a plea bargain agreement in a criminal action against petitioner's employee based on his sale of beer to the minor in which the State agreed "that it will not take any further action by way of hearing before any court, board, or agency for any action arising out of this transaction against" petitioner or its employee, since (1) the assistant district attorney who entered the agreement was without authority to bind the State's boards and agencies in the exercise of their administrative discretion without their consent, and (2) petitioner's employee, not petitioner, agreed to forego his constitutional rights in reliance on the assistant district attorney's promises and only he can properly complain of any breach of that agreement.

APPEAL by petitioner from *Clark, Judge.* Judgment entered 14 March 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 8 February 1978.

This appeal arises out of proceedings instituted by respondent Board of Alcoholic Control against petitioner Happy Store No. 102 as a result of an alleged violation of the State alcoholic beverage control laws. On 24 May 1976, petitioner was notified to appear for a hearing before a hearing officer of the Board to show cause why its ABC permits should not be revoked or suspended for the following violation: (1) Knowingly selling malt beverages to a minor (person under 18 years of age), upon its licensed premises.

At the hearing, ABC Officer Danny Dilda testified that on 8 November 1975 he observed petitioner's employee George Holloway sell two six packs of beer to Joseph Scott Vickers, a

minor, upon petitioner's licensed premises. On cross-examination of Dilda, evidence was elicited showing that a criminal action had been brought against Holloway based on his sale of beer to the minor. To this charge, Holloway had entered a plea of *nolo contendere* in Superior Court pursuant to a plea bargain which provided, in pertinent part, that "the State further agrees that it will not take any further action by way of hearing before any court, board, or agency for any action arising out of this transaction against [Holloway or petitioner]." ABC Officer Dilda further testified that he had been present in court at the time of the plea bargaining, but that he had explicitly refused to agree to the condition prohibiting further action against petitioner. Finding that petitioner had in fact committed the alleged violation, the hearing officer recommended temporary suspension of petitioner's ABC permits.

Respondent Board reviewed the recommendation of the hearing officer and approved his findings of fact, ordering that petitioner's ABC permits be suspended for 15 days.

On 3 September 1976, petitioner filed a petition in Superior Court asking that the Board's proceedings and order be reviewed. The petition was granted and upon hearing, the court affirmed respondent Board's order. Petitioner appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General James Wallace, Jr., for the State.*

*James, Hite, Cavendish & Blount, by Robert D. Rouse III, for the petitioner.*

MARTIN, Judge.

Petitioner's sole contention is that respondent Board of Alcoholic Control should have been estopped from instituting the subject proceedings against petitioner by reason of the plea bargaining agreement entered into in the related criminal action against Holloway. That agreement, entered into by the assistant district attorney and petitioner's employee Holloway, purported to prohibit the State from taking "any further action by way of hearing before any court, board, or agency" against either Holloway or petitioner. Thus, the issue presented by this appeal is whether the hereinabove quoted provision of the plea bargain-

ing agreement was binding on the respondent Board of Alcoholic Control. We are of the opinion that it was not.

At the outset, we note that our Supreme Court has recognized the emergence of "plea bargaining" as a major component of the administration of criminal justice. *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976). However, the courts of this State have yet to confront the question of the scope and effect of plea bargaining agreements.

In *Santobello v. New York*, 404 U.S. 257, 30 L.Ed. 2d 427, 92 S.Ct. 495 (1971), the United States Supreme Court directed its attention to the disposition of criminal charges by agreement between the prosecutor and the accused and stated:

> "This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

Clearly, the Court's conclusion in *Santobello* is predicated upon the defendant's surrender of fundamental constitutional rights — effectuated by the entry of a plea of guilty or *nolo contendere* — in reliance upon the prosecutor's promise. *See Brady v. United States*, 397 U.S. 742, 25 L.Ed. 2d 747, 90 S.Ct. 1463 (1970). Thus, when a prosecutor fails to fulfill promises made to the defendant in negotiating a plea bargain, the defendant's constitutional rights have been violated and he is entitled to relief. *Santobello v. New York, supra.* And the same is true even when the promises are not within the power of the prosecutor to make, and hence, are unfulfillable. *Palermo v. Warden, Green Haven State Prison*, 545 F. 2d 286 (2d Cir. 1976); *United States v. Hammerman*, 528 F. 2d 326 (4th Cir. 1975).

These cases focus on and firmly establish the necessity of according relief to the defendant when the prosecution breaches the plea bargaining agreement. In this result we concur. However, in the instant case we are not confronted by a defendant who, hav-

ing entered a plea bargaining agreement, seeks relief for the breach thereof. Rather, we have before us a petitioner who was *not* a party to the plea bargaining agreement entered into by defendant Holloway and the assistant district attorney. Even so, our petitioner seeks to enforce a provision of that agreement which purports to bind respondent Board of Alcoholic Control—also not a party to the plea bargaining agreement in question.

Based on these differences, which we believe substantially distinguish the instant case from those previously cited, we are unable to find that petitioner is entitled to the relief it seeks—specific performance of the provision purporting to bind respondent Board of Alcoholic Control. In the first instance, we are of the opinion that the assistant district attorney was without authority to bind the State's boards and agencies in the exercise of their administrative discretion without their consent. Respondent Board of Alcoholic Control is one of many independent quasi-adjudicative boards and agencies within the Executive Department. As such, it occupies an exclusive role within the framework of the state administration of justice and must remain free from hierarchal intrusion in the exercise of its administrative discretion. In so deciding, we expressly do not reach the questions of whether, and in what manner, an independent board or agency can bind itself to such an agreement in a criminal proceeding to which it is not a party.

Finally, conceding that even the breach of an unauthorized promise entitles a defendant to relief, *Palermo v. Warden, Green Haven State Prison, supra,* we cannot find that the breach of the provision purporting to bind the respondent Board entitles petitioner to any relief. Petitioner's employee Holloway, not petitioner, agreed to forego his constitutional rights in reliance on the assistant district attorney's promises. *Santobello v. New York, supra.* Only he can now be heard to complain.

In the lower court's order affirming respondent Board's suspension of petitioner's ABC permits, we find no error.

Affirmed.

Judges PARKER and ARNOLD concur.