STATE v. RODRIGUEZ

[111 N.C. App. 141 (1993)]

———————————

STATE OF NORTH CAROLINA v. LUIS ANTONIO OLIVERA RODRIGUEZ

No. 9215SC578

(Filed 20 July 1993)

**Criminal Law § 124 (NCI4th) — prosecutor to take no position on sentencing — violation of plea agreement**

The District Attorney did take a position with regard to sentencing by noting for the trial judge certain available non-statutory aggravating factors, particularly as they applied

STATE v. RODRIGUEZ

[111 N.C. App. 141 (1993)]

to defendant's case, thereby violating defendant's plea agreement. Failure of the trial court to find any of the aggravating factors suggested by the District Attorney did not render the error harmless, and failure of defense counsel to object to the prosecutor's actions did not constitute a waiver.

**Am Jur 2d, Criminal Law §§ 481-485.**

Appeal by defendant from judgment entered 21 February 1992 by Judge F. Gordon Battle in Orange County Superior Court. Heard in the Court of Appeals 11 May 1993.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General E. H. Bunting, Jr., for the State.*

*Glover & Petersen, P.A., by James R. Glover, for defendant-appellant.*

JOHN, Judge.

On February 21, 1992, defendant entered pleas of guilty to two counts of second degree murder and one count of assault with a deadly weapon inflicting serious injury. Pursuant to a plea arrangement as to sentencing, he received two consecutive life sentences on the second degree murder convictions. The trial court also imposed a ten year consecutive sentence on the felonious assault conviction. As defendant expressly states in his brief to this Court, the murder convictions and sentences are not the subject of his appeal. It is only the sentence for felonious assault which he contests.

Defendant asserts he was deprived of his constitutional right to due process of law. He bases this contention upon his being sentenced to a term in excess of the presumptive term for felonious assault after the prosecutor suggested to the trial court certain non-statutory aggravating factors. These suggestions were made in open court despite the express terms of a plea agreement in which the prosecutor agreed to "take no position on sentencing." Upon review, we find defendant's position persuasive.

The facts are not in dispute. Defendant was indicted for two counts of murder in the shooting deaths of Loreda Burnett and Barbara Quirindongo, and for assault with a deadly weapon with intent to kill inflicting serious injury on Carmen Garcia. After negotiations, defendant pled guilty to two counts of second degree murder with the express agreement that he would be sentenced

to two consecutive life terms. He also pled guilty to the offense of assault with a deadly weapon inflicting serious injury. In defendant's written transcript of plea form, the District Attorney agreed the State would "take no position on sentencing on the assault charge." The court accepted the pleas and subsequently sentenced defendant.

At the sentencing hearing, defendant's counsel urged the court, based on defendant's history of epileptic seizures and substantial ingestion of cocaine at the time of the offenses, to find as a statutory mitigating factor that defendant was suffering from a mental or physical condition which reduced his culpability for the felonious assault offense. N.C.G.S. § 15A-1340.4(a)(2)(d) (Cum. Supp. 1992). The court then inquired of the State, "Anything further . . . ?" In response, the District Attorney made the following statements:

> Your Honor, just to suggest briefly, I did want to make the Court aware that under the facts and under what's already been presented, that the courts have—the Court has recognized in its discretion that in the evidence of the particular crimes, particularly with regard to the assault with a deadly weapon, inflicting serious injury, the nonstatutory aggravating factor of the course of violent conduct, and the nonstatutory aggravating factor of a crime committed following flight from another crime.

> That the Court has recognized the nonstatutory aggravating factor of a course of violent conduct, and also the nonstatutory aggravating factor of a crime committed such as the assault that was committed following his flight from the initial shooting which had occurred at 751 Pritchard Extension, at a later location, when this occurred over in Elliot Road some distance away.

The trial court thereafter found no mitigating factors, no statutory aggravating factors, and one non-statutory aggravating factor ("the crime arose out of the defendant coming to Chapel Hill from another state for the purpose of selling illegal drugs"). Defendant subsequently received the statutory maximum sentence of ten years for felonious assault.

Defendant contends the District Attorney's remarks on nonstatutory aggravating factors breached the provision of the plea agreement promising that the prosecution would "take no position

on sentencing on the assault charge." Defendant further maintains this breach deprived him of his constitutional right to due process of law and entitles him to resentencing even if the prosecutor's comments had no effect on the trial judge's sentencing decision. We agree.

Plea bargaining is an essential component of the criminal justice system. *State v. Slade*, 291 N.C. 275, 277, 229 S.E.2d 921, 923 (1976). "It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pre-trial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pre-trial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned." *Santobello v. New York*, 404 U.S. 257, 261, 30 L.Ed.2d 427, 432 (1971). Moreover, the process is duly codified in North Carolina's statutory scheme of criminal procedure, the Criminal Procedure Act. *See* N.C.G.S. § 15A-1011 *et seq.* (1988 & Cum. Supp. 1992).

Although a plea agreement occurs in the context of a criminal proceeding, it remains contractual in nature. *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985), *cert. denied*, 479 U.S. 835, 93 L.Ed.2d 75 (1986). A plea agreement will be valid if both sides voluntarily and knowingly fulfill every aspect of the bargain. *See Dixon v. State*, 8 N.C. App. 408, 416, 174 S.E.2d 683, 689 (1970) (a plea of guilty will stand unless induced by misrepresentation, including unfulfilled or unfulfillable promises); *State v. Fox*, 34 N.C. App. 576, 579, 239 S.E.2d 471, 473 (1977) (if defendant elects not to stand by his portion of the plea arrangement, the State is not bound by its agreement).

The *Santobello* Court highlights the serious contractual nature of a plea bargain: "[A] constant factor [in the plea bargaining process] is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262, 30 L.Ed.2d at 433. In addition, because of a defendant's due process right arising out of the "adjudicative element inherent in accepting a plea of guilty, [the agreement between the parties must be] attended by safeguards to insure the defendant [receives] what is reasonably due in the circumstances."

*Id.* Once the prosecution makes a promise in exchange for a guilty plea, the right to due process and basic contract principles require strict adherence.

This Court endorsed *Santobello* in *Northeast Motor Co. v. N.C. State Board of Alcoholic Control* by stating that:

> the Court's conclusion in *Santobello* is predicated upon the defendant's surrender of fundamental constitutional rights — effectuated by the entry of a plea of guilty or *nolo contendere* — in reliance upon the prosecutor's promise. *See Brady v. United States*, 397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970). Thus, when a prosecutor fails to fulfill promises made to the defendant in negotiating a plea bargain, the defendant's constitutional rights have been violated and he is entitled to relief.

35 N.C. App. 536, 538, 241 S.E.2d 727, 729 (1978).

In *Santobello*, a defendant indicted for two felonies entered into a plea agreement to plead guilty to a lesser-included offense in exchange for the prosecutor's agreement to make no recommendation as to sentencing. Sentencing was delayed and at the hearing many months later a new prosecutor, unaware of the prior agreement, recommended the maximum sentence. When defendant objected, the trial judge stated, "I am not at all influenced by what the District Attorney says," and "[i]t doesn't make a particle of difference what the District Attorney says . . . ." *Id.* at 259, 30 L.Ed.2d at 431. He thereafter sentenced defendant to imprisonment for the maximum term of one year. The Supreme Court held that even if the trial court's decision on sentencing was not affected, the prosecutor's failure to comply with the terms of the plea agreement, although inadvertent, required the judgment to be vacated and the case remanded for, at a minimum, specific performance of the agreement through resentencing before a different judge. *Id.* at 263, 30 L.Ed.2d at 433.

Under the plea arrangement in the case *sub judice*, the District Attorney promised to "take no position on sentencing on the assault charge." The phrase "take no position on sentencing" may be characterized as ambiguous. Arguably one might assert the language simply bars the District Attorney from urging the court to impose a *specific* sentence. A more plausible interpretation, however, is that "once the issue of guilt had been resolved by entry of a plea, the [prosecutor is to] make no comment to the sentencing judge,

either orally at sentencing or in writing prior to sentencing, that bears in any way upon the type or severity of the sentence to be imposed." *United States v. Corsentino*, 685 F.2d 48, 51 (2nd Cir. 1982). Stated another way, "taking no position" means making no attempt to influence the decision of the sentencing judge. *United States v. Miller*, 565 F.2d 1273, 1275 (3d Cir. 1977), *cert. denied*, 436 U.S. 959, 57 L.Ed.2d 1125 (1978).

The State insists in its brief that the District Attorney "merely set forth the facts and circumstances necessary, and required," to permit the court to fulfill its sentencing role, and that the record does not support "a conclusion that the prosecutor engaged in taking a position on sentencing or in attempting to influence the severity of the sentence." The State's assertion is unconvincing and ignores the day-to-day realities of give and take advocacy in the trial court. The District Attorney's statement cited previously approved non-statutory aggravating factors. In the context of the sentencing hearing, his remarks, even if intended otherwise, can only be construed as suggesting that defendant's sentence be aggravated under the balancing methodology set forth in the Fair Sentencing Act. In the words of one court, "[o]nly a stubbornly literal mind would refuse to regard the Government's commentary as communicating a position on sentencing." *United States v. Crusco*, 536 F.2d 21, 26 (3d Cir. 1976). We hold the District Attorney did take a position with regards to sentencing by noting for the trial judge certain available non-statutory aggravating factors, *particularly* as they applied to defendant's case, and he therefore violated the plea bargain.

The language of the plea agreement between defendant and the State is very similar to that examined in *United States v. Moscahlaidis*, 868 F.2d 1357 (3d Cir. 1989), where the government promised not to "take a position relative to whether or not a custodial sentence shall be imposed." *Id*. at 1358. Yet, the government in its sentencing memorandum offered opinions and drew conclusions about defendant's character, commenting he was "not just a white-collar criminal." *Id*. at 1359. The statements were found to be in violation of the plea agreement. "[T]he government must adhere strictly to the terms of the bargain it strikes with defendants." *Id*. at 1361 (quoting *Miller*, 565 F.2d at 1274). Furthermore, "[a]n unqualified promise of the prosecution not to take a position on sentencing obviously jeopardizes the government's position in the sentencing process and may require the government to remain

silent when it should stand up and speak." *Id.* at 1361 (citing *Crusco*, 536 F.2d at 26).

The State also points out that none of the non-statutory aggravating factors suggested by the District Attorney were found by the trial court, inferring that its decision was not affected by the improper comments. However, even a deliberate effort by the court to disabuse itself of any influence from the prosecutor's remarks in breach of a plea agreement was held to be unavailing in *Santobello*:

> [The sentencing judge] stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case . . . .

*Id.* at 262, 30 L.Ed.2d at 433; *accord United States v. Martin*, 788 F.2d 184, 187 (3d Cir. 1986) (immaterial whether the government's breach is inadvertent and the breach probably did not influence the judge in the sentence imposed).

In addition, the failure of defense counsel to object to the prosecutor's actions does not constitute a waiver. "Ordinarily there is no requirement that a defendant object to the violation of a plea agreement at the time of sentencing, and defendant's claim that his plea agreement was violated is not waived by his failure to raise the issue at sentencing . . . ." *Paradiso v. United States*, 689 F.2d 28, 30 (2d Cir. 1982), *cert. denied*, 459 U.S. 1116, 74 L.Ed.2d 970 (1983); *see also Moscahlaidis*, 868 F.2d at 1360. As Justice Stevens observed in a concurring opinion in *United States v. Benchimol*, 471 U.S. 453, 85 L.Ed.2d 462 (1985) (Stevens, J., concurring), "[i]f the Government erred in failing to recommend affirmatively the proper sentence, the time to object was at the sentencing hearing or on direct appeal." *Id.* at 457, 85 L.Ed.2d at 467. While defendant did not raise his objection before the trial court, he does so now in this direct appeal.

Furthermore, the purpose of a contemporaneous objection is to afford the trial judge an opportunity to cure the asserted error. As previously noted, the Supreme Court expressly held in *Santobello* that a deliberate effort by the trial judge to ignore improper remarks cannot cure the due process violation caused by breach of the

STATE v. RODRIGUEZ

[111 N.C. App. 141 (1993)]

plea agreement. *Santobello*, 404 U.S. at 262, 30 L.Ed.2d at 433. Thus, when a trial judge cannot effectively cure the error, enforcement of the principle of waiver for lack of a contemporaneous objection serves no legitimate purpose. *See State v. Sanderson*, 327 N.C. 397, 404, 394 S.E.2d 803, 806-07 (1990).

Having concluded the prosecutor violated the terms of the plea agreement, even though the court likely was not influenced by this breach, and that defendant has not waived raising this issue on direct appeal by failing to object at trial, we must consider the type of relief to which defendant may be entitled. He requests a new sentencing hearing before a different trial judge, i.e., enforcement of his bargain. The prosecution promised something within its power to control, and in such cases enforcement of the bargain is appropriate. *United States v. Carter*, 454 F.2d 426, 427-28 (4th Cir. 1972), *cert. denied*, 417 U.S. 933, 41 L.Ed.2d 237 (1974). We hold defendant is to receive a new sentencing hearing at which the State "takes no position on sentencing" on the charge of assault with a deadly weapon inflicting serious injury. Accordingly, we vacate the judgment entered thereon and remand for sentencing on the felonious assault offense.

While we have every confidence in the distinguished trial judge's ability to afford defendant a fair and impartial hearing on remand, under the holding of *Santobello* cited above we also direct that defendant's new sentencing hearing be conducted before a different trial judge. *See also United States v. McCray*, 849 F.2d 304, 306 (8th Cir. 1988); *United States v. Brody*, 808 F.2d 944, 948 (2d Cir. 1986) (egregious nature of breach requires the additional step of reassigning the proceedings to a different sentencing judge); *United States v. Carbone*, 739 F.2d 45, 47-48 (2d Cir. 1984) (resentencing by different judge is required though trial court not influenced by government's argument).

Vacated and remanded.

Judges WELLS and COZORT concur.