STATE v. ISOM

[119 N.C. App. 225 (1995)]

━━━━━━━━

STATE OF NORTH CAROLINA v. LLOYD WILLIAM ISOM, Defendant/Appellant

No. 9426SC306

(Filed 6 June 1995)

**Criminal Law § 129 (NCI4th); Jails, Prisons, and Prisoners § 55 (NCI4th)— plea agreement—sentence as committed youthful offender—rescission by State while serving sentence—right to benefit of bargain or withdrawal of guilty plea**

    Where a twenty-two-year-old defendant was sentenced for armed robbery as a committed youthful offender pursuant to a plea agreement, and the State in effect rescinded the agreement while defendant was serving his sentence on the ground that defendant was not eligible to be sentenced as a committed youthful offender, defendant was entitled to have the committed youthful offender status accorded to him as provided in the plea agreement or, in the alternative, to withdraw his plea. Since defendant filed a motion for appropriate relief seeking to set aside his guilty plea, he is entitled to have the plea set aside so that he may enter a new plea or go to trial. Former N.C.G.S. § 148-49.14.

    **Am Jur 2d, Criminal Law §§ 481 et seq.; Juvenile Courts and Delinquent and Dependant Children §§ 1, 8-12; Penal and Correctional Institutions § 7.**

Appeal by defendant from order entered 28 January 1994 by Judge Forrest A. Ferrell in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 January 1995.

*No brief for the State.*

*Goodman, Carr, Nixon, Laughrun & Levine, P.A., by George V. Laughrun, II, for defendant-appellant.*

WYNN, Judge.

On 16 May 1990, defendant pled guilty pursuant to a plea agreement to one charge of robbery with a dangerous weapon. According to the terms of the plea agreement, Judge Shirley Fulton would sentence defendant as a committed youthful offender (CYO) to a fourteen-year sentence to run consecutively to a sentence defendant currently was serving. In accordance with the agreement, Judge Fulton ordered that defendant be imprisoned for a term of "14 YEARS AS CYO." Judge Fulton also checked the box on the judgment form which states: "The defendant shall serve as a committed youthful offender pursuant to G.S. Chapter 148, Article 3B." Defendant commenced service of the sentence.

On 23 November 1992, Mr. Charles L. Cromer, Chairman of the North Carolina Parole Commission, wrote a letter to then Attorney General Lacy H. Thornburg seeking an answer to the following question regarding defendant's eligibility for parole:

> When a person is sentenced as a Committed Youthful Offender (CYO) under Chapter 148, Article 3B, of the North Carolina General Statutes and the Judgment and Commitment and records indicate that the person was not eligible for CYO status because of their age at the time of sentencing may the Parole Commission consider parole based upon the CYO status or are we required to go behind the official judgment, take notice that the person was not eligible for CYO status and treat the individual as a regular youthful offender for parole purposes?

In a letter dated 11 December 1992, a special deputy attorney general advised Mr. Cromer that Judge Fulton "had no authority to sentence the defendant as a Committed Youthful Offender" since defendant did not qualify for CYO status under N.C. Gen. Stat. § 148-49.14. The special deputy attorney general concluded that "the Parole Commission lacks any jurisdiction over [defendant] until he has completed service of a term of not less than seven years in prison." On 25 March 1993, the Parole Commission mailed the decision of the attorney general to defendant.

On 17 December 1993, defendant filed a motion for appropriate relief in the Superior Court of Mecklenburg County alleging that since he did not receive what he bargained for, his guilty plea should be set aside so that he could either re-plea or go to trial on the criminal

charges. After a hearing, the trial court denied defendant's motion. From the denial of that motion, defendant appeals.

Preliminarily, we note that because defendant filed the motion for appropriate relief long after the time for taking appeal had expired, he can obtain appellate review of the court's ruling only by a petition for a writ of certiorari. N.C. Gen. Stat. § 15A-1422(c)(3) (1988). Although defendant has not expressly petitioned for a writ of certiorari, we exercise our discretion to treat the record on appeal and defendant's brief as such a petition and grant the writ. The State's motion to dismiss the appeal is denied.

N.C. Gen. Stat. § 148-49.14, the relevant sentencing provision for committed youthful offenders at the time of the offense, provides in pertinent part:

As an alternative to a sentence of imprisonment as is otherwise provided by law, when a person under 21 years of age is convicted of an offense punishable by imprisonment . . . the court may sentence such person . . . as a committed youthful offender. When a person under twenty-five (25) years of age is convicted of a crime punishable by imprisonment but which is not a Class A, B, C, D, E, F, or G felony, or a violent crime . . . the court may sentence such a person . . . as a committed youthful offender.

N.C. Gen. Stat. § 148-49.14 (1987) (Repealed by Session Laws 1993, c. 538, s. 34). Since defendant was twenty-two years old at the time he pled guilty on 16 May 1990, he was not eligible to be sentenced as a CYO under the first clause of the statute. Defendant was indicted for robbery with a dangerous weapon which is a Class D felony and was therefore not eligible for CYO status under the second clause of the statute.

However, under the facts of the subject case, whether defendant was eligible to be sentenced as a CYO is irrelevant. The record undisputedly shows that defendant pled guilty in reliance upon the representation that he would "receive a 14 year sentence, CYO, to be served consecutive to the sentence [defendant] is now serving." The plea agreement was signed by defendant, defendant's counsel, the trial judge, and the prosecutor, representing the State. The Attorney General's letter to the Parole Commission, however, instructs the Commission that defendant's "commitment as a Committed Youthful Offender is unauthorized by statute and therefore void," and defendant is not entitled to CYO status. In effect, the State is rescinding a

plea agreement which the State agreed to and was accepted by the court. This action is untenable.

In *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427 (1971), the United States Supreme Court addressed whether the State may withdraw a plea agreement after the defendant pleads guilty. The Court held that:

> the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Santobello*, 404 U.S. at 262, 30 L. Ed. 2d at 433. Therefore, the State may withdraw a plea bargain arrangement at any time prior to, but not after the actual guilty plea by the defendant. *State v. Collins*, 300 N.C. 142, 265 S.E.2d 172 (1980); *State v. Johnson*, 95 N.C. App. 757, 383 S.E.2d 692 (1989).

In *Collins*, the Court noted that plea agreements were analogous to unilateral contracts. *Collins*, 300 N.C. at 149, 265 S.E.2d at 176. The consideration given for the prosecutor's promise is not the defendant's corresponding promise to plead guilty, but rather the defendant's actual performance by doing so. *Id.* Therefore, the State may not withdraw or modify a plea agreement after the defendant has pled guilty or takes other action which constitutes detrimental reliance upon the agreement. *Id.; see State v. Hudson*, 331 N.C. 122, 415 S.E.2d 732 (1992), *cert. denied*, —— U.S. ——, 122 L. Ed. 2d 136, *reh'g denied*, —— U.S. ——, 122 L. Ed. 2d 776 (1993).

It follows from our analysis that defendant is entitled to have CYO status accorded to him as provided in the plea agreement, or in the alternative, be allowed to withdraw his plea. It is the latter relief that defendant seeks in his motion for appropriate relief. Specifically, he requests that his guilty plea be set aside and he be allowed to enter a new plea or go to trial. Thus, we need not address the question of whether this Court should direct the Parole Commission to follow the trial court's judgment and sentence.

Therefore, for the reasons stated, defendant is entitled to withdraw his guilty plea and the order of the trial court is

Reversed.

Chief Judge ARNOLD and Judge MARTIN, John C. concur.