STATE OF NORTH CAROLINA v. TIMOTHY EARL BLACKWELL

No. COA98-1284

(Filed 7 December 1999)

1. Criminal Law— plea agreement—spirit of agreement violated—charge used derivatively

The trial court's order concerning a drunk driving case is vacated and remanded because although the State did not directly use the felonious impaired driving charge as the underlying felony to prove murder, the State violated the spirit of its plea agreement with defendant when it used the charge derivatively to prove the four assault with a deadly weapon inflicting serious injury charges that were then used as the underlying felonies themselves, since defendant reasonably interpreted the agreement to mean the State promised not to use the felonious impaired driving charge in any way to prove felony murder.

2. Criminal Law— breach of plea agreement—specific performance or rescission—factors to consider

Since the State violated the spirit of its plea agreement with defendant in a drunk driving case, the trial court's order is vacated and remanded to determine whether specific performance or rescission is the appropriate remedy in light of the five factors, including: (1) who broke the bargain; (2) whether the violation was deliberate or inadvertent; (3) whether circumstances have changed between entry of the plea and the present time; (4) whether additional information has been obtained that, if not considered, would constrain the court to a disposition that it determines to be inappropriate; and (5) the particular wishes of defendant.

Judge WALKER dissents.

Appeal by defendant from judgment entered 17 April 1998 by Judge Orlando F. Hudson in Durham County Superior Court. Heard in the Court of Appeals 25 August 1999.

STATE v. BLACKWELL

[135 N.C. App. 729 (1999)]

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III and Assistant Attorney General Jonathan P. Babb, for the State.*

*Robert Brown, Jr. and Shannon A. Tucker for defendant-appellant.*

LEWIS, Judge.

This case stems from a drunk driving accident that occurred on 27 February 1997, in which a four-year-old girl was killed. Defendant was indicted on 3 March 1997 for murder, four counts of assault with a deadly weapon inflicting serious injury, felonious impaired driving, driving with his license revoked, driving left of center, possession of drug paraphernalia, and possession of an open container. As part of a plea bargain, defendant subsequently pled guilty to all charges except murder and the assaults. The trial court accepted his plea and entered prayer for judgment continued until the remaining charges were adjudicated. The defendant was then tried at the 16 March 1998 Session of the Durham County Superior Court for the murder and assaults. On 16 April 1998, the jury returned a verdict finding defendant guilty of three counts of assault with a deadly weapon, one count of assault with a deadly weapon inflicting serious injury, and first degree murder under the felony murder rule. Defendant now appeals.

[1] Defendant first contends that the State violated its plea agreement with him. To fully understand defendant's argument, we must briefly summarize how the State proceeded against defendant for felony murder. Defendant was charged with five felonies that could have formed the underlying felony for first degree murder: four counts of assault with a deadly weapon inflicting serious injury and one count of felonious impaired driving. Defendant entered into a plea agreement purporting to limit the underlying felonies the State could use at trial. Specifically, in return for defendant's guilty pleas to felonious impaired driving and the misdemeanors, the State bargained not to "use the charge of felonious impaired driving as a theory of first degree murder under the felony murder rule." (1 Tr. at 12).

The State then proceeded at trial using the four assaults as the underlying felonies for first degree murder. For the driver of an automobile to be convicted of assault with a deadly weapon, the State must show either (1) his specific intent to inflict injury or (2) his culpable negligence. *State v. Eason,* 242 N.C. 59, 65, 86 S.E.2d 774, 778 (1955); *see also State v. Currie,* 19 N.C. App. 17, 20, 198 S.E.2d 28, 30

(1973) (stating that specific intent is not a required element for assault under section 14-32(b)). The State attempted to show culpable negligence. But to do so, it introduced into evidence defendant's guilty plea as to the felonious impaired driving and then argued to the jury that felonious impaired driving is culpable negligence as a matter of law. *See State v. McGill*, 314 N.C. 633, 637, 336 S.E.2d 90, 92 (1985) (holding that driving while impaired is culpable negligence as a matter of law). In sum then, the State did not use the felonious impaired driving directly as the underlying felony, but did use it derivatively to prove the assaults, which were then used as the underlying felonies themselves. Defendant contends this derivative use violated his plea agreement. We agree.

Even though a plea agreement arises in the context of a criminal proceeding, it remains in essence a contract. *State v. Rodriguez*, 111 N.C. App. 141, 144, 431 S.E.2d 788, 790 (1993). However, it is markedly different from an ordinary commercial contract. By pleading guilty, a defendant waives many constitutional rights, not the least of which is his right to a jury trial. *State v. Pait*, 81 N.C. App. 286, 289, 343 S.E.2d 573, 576 (1986). "No other right of the individual has been so zealously guarded over the years and so deeply embedded in our system of jurisprudence as an accused's right to a jury trial." *State v. Boone*, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). As such, due process mandates strict adherence to any plea agreement. *Rodriguez*, 111 N.C. App. at 145, 431 S.E.2d at 790. Moreover, this strict adherence "require[s] holding the [State] to a greater degree of responsibility than the defendant (or possibly than would be either of the parties to commercial contracts) for imprecisions or ambiguities in plea agreements." *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986). While the plea agreement here may not have been ambiguous, it was imprecise in light of what the State intended to argue at trial.

The State promised not to use the felonious impaired driving charge "as a theory of first degree murder" for its prosecution of defendant under felony murder. The defendant quite reasonably interpreted this to mean that the State promised not to use the felonious impaired driving in any way, shape, or form—directly or derivatively—to prove felony murder. The State suggests that defendant should have bargained for this interpretation. But defendant should not be forced to anticipate loopholes that the State might create in its own promises. Using defendant's guilty plea to felonious impaired driving to prove the underlying felony of assault is no less a violation of the plea agreement than if the State had just gone ahead

and introduced evidence of the felonious impaired driving. Here, the State used defendant's plea as the same proof. Thus, even if the State did not violate the express terms of the plea agreement, it did violate the *spirit* of that agreement. *Cf. State v. Sodders*, 633 P.2d 432, 438 (Ariz. Ct. App. 1981) ("A breach of a plea agreement occurs not only when the prosecution breaks its promise, but also when the spirit of the inducement is breached."); *Van Buskirk v. State*, 720 P.2d 1215, 1216 (Nev. 1986) ("The violation of the terms or 'the spirit' of the plea bargain requires reversal."). We therefore hold that the State violated defendant's plea agreement.

**[2]** We must next consider the remedy for this violation. At this point, it is necessary to distinguish between the various cases on appeal. Case number 97 CRS 6391 involves the felonious impaired driving and various misdemeanor charges. It is in this case that defendant tendered his plea of guilty to those charges. Case numbers 97 CRS 6390 and 97 CRS 6421 involve the felony murder and assault charges, respectively, for which defendant was found guilty. We first deal with 97 CRS 6391, the case in which the plea arrangement was entered.

"[W]hen a prosecutor fails to fulfill promises made to the defendant in negotiating a plea bargain, the defendant's constitutional rights have been violated and he is entitled to relief." *Motor Co. v. Board of Alcoholic Control*, 35 N.C. App. 536, 538, 241 S.E.2d 727, 729 (1978). Typically, relief is either specific performance of the plea agreement or withdrawal of the plea itself (i.e. rescission). *Santobello v. New York*, 404 U.S. 257, 263, 30 L. Ed. 2d 427, 433 (1971). While this Court has in the past determined the particular remedy, *see, e.g., State v. Isom*, 119 N.C. App. 225, 458 S.E.2d 420 (1995) (ordering rescission); *State v. Rodriguez*, 111 N.C. App. 141, 431 S.E.2d 788 (1993) (ordering specific performance), the trial court is usually in the best position to determine which remedy is appropriate under the circumstances. *Santobello*, 404 U.S. at 263, 30 L. Ed. 2d at 433. Though we do not doubt the trial court's ability to choose the appropriate remedy, we feel the nature of this case and the peculiar plea arrangement here warrant further guidance for the trial court. In that light, we find the following language from the California Supreme Court instructive in helping the trial court make its determination:

> Factors to be considered include who broke the bargain and whether the violation was deliberate or inadvertent, whether circumstances have changed between entry of the plea and the

[present time], and whether additional information has been obtained that, if not considered, would constrain the court to a disposition that it determines to be inappropriate.

*People v. Mancheno*, 654 P.2d 211, 214 (Cal. 1982). To these, we would also add a fifth factor: the particular wishes of the defendant. *See Santobello*, 404 U.S. at 267, 30 L. Ed. 2d at 436 (Douglas, J., concurring) ("In choosing a remedy, however, a court ought to accord a defendant's preference considerable, if not controlling, weight inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the State."). We therefore remand case number 97 CRS 6391 to the trial court to determine whether specific performance or rescission is the appropriate remedy.

We now turn to the disposition of case numbers 97 CRS 6390 and 97 CRS 6421, dealing with felony murder and the assaults. Whichever remedy the trial court deems appropriate in case number 97 CRS 6391, the effect is necessarily the same as to these cases: defendant is entitled to a new trial. This is so because the violated plea agreement in 97 CRS 6391 was not only introduced as substantive evidence at defendant's trial, but became the backbone of the State's theory of prosecution. Thus, its violation amounted to prejudicial error, entitling defendant to a new trial.

In sum, then, if the trial court grants defendant specific performance of the plea agreement, defendant is still deemed guilty of felonious impaired driving and the misdemeanors, but the State must prosecute defendant again for felony murder and the assaults according to the terms and the spirit of the plea agreement. If the trial court grants defendant rescission, then the defendant is not only entitled to a new trial for felony murder and the assaults, but is also entitled to enter pleas of not guilty or otherwise as to felonious impaired driving and the misdemeanors.

In light of our holding as to the violation of the plea agreement, we need not address defendant's remaining assignments of error.

The defendant's record is despicable and his alleged acts here, monstrous. Bad facts should not make worse law and, above all, the State should not perpetrate the wrong. Judges, prosecutors, and attorneys should be held to higher standards of accountability and fairness.

Vacated and remanded.

Judge HUNTER concurs.

Judge WALKER dissents.

Judge WALKER dissents.

I respectfully dissent from the majority opinion which grants the defendant a new trial in case numbers 97 CRS 6390 and 97 CRS 6421, dealing with felony murder and felony assault.

The majority concludes that the State violated the plea agreement in 97 CRS 6391, which was introduced at defendant's trial, by allowing the State to use felonious impaired driving to prove felony assault, resulting in prejudicial error. I disagree.

Independent of the plea agreement and the charge of felonious impaired driving, the record contains overwhelming evidence, properly admitted, which showed that on this occasion the defendant was operating his vehicle in a reckless manner and drove his vehicle across the center line, striking the victim's vehicle. While operating his vehicle, the defendant was under the influence of alcohol, heroin and cocaine. Thus, the evidence would enable the jury to find the defendant guilty of operating his vehicle in a culpably negligent manner, thereby committing felony assault used to prove felony murder. I conclude there was no prejudicial error in the defendant's trial.