IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-100

No. COA20-403

Filed 6 April 2021

Johnston County, No. 18 CRS 57237

STATE OF NORTH CAROLINA

v.

EDWARD LYNN KNIGHT, Defendant.

Appeal by Defendant from judgment entered 11 October 2019 by Judge Keith O. Gregory in Johnston County Superior Court. Heard in the Court of Appeals 24 February 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Brenda Rivera, for the State.*

*Appellate Defendant Glenn Gerding, by Assistant Appellate Defender James R. Grant, for the Defendant.*

JACKSON, Judge.

¶ 1 Edward Lynn Knight ("Defendant") argues that the trial court erred in failing to sentence him in accordance with the terms of his plea agreement. We conclude that the trial court erred in determining that Defendant had breached the agreement, and therefore vacate its judgment and remand the case for resentencing.

## I. Facts and Procedural History

¶ 2 On 4 February 2019, Defendant was indicted by a grand jury in Johnston

County for assault by strangulation, second-degree kidnapping, and assault with a deadly weapon. The matter came on for hearing before the Honorable Thomas H. Lock in Johnston County Superior Court on 5 July 2019. The State offered Defendant one consolidated judgment in exchange for his plea of guilty to these three charges. Defendant asked if he could enter his guilty pleas on that date but postpone sentencing for a few months, so that he could make preparations before surrendering for an active prison term. The prosecutor agreed, without consulting with the victim of Defendant's crimes. Defendant then pleaded guilty to all three offenses in exchange for the State agreeing to consolidate the three charges for judgment purposes and dismiss other related charges.

In accepting Defendant's plea arrangement, Judge Lock informed Defendant that "[s]entencing will be continued until the September 3rd, 2019, session of this court. That is roughly two months. At that time, if you appear, the cases will be consolidated into one judgment for the purposes of sentencing." The plea agreement also provided that "[s]entencing will be continued to September 3, 2019. If Defendant fails to report for sentencing, this arrangement will no longer be binding[,] and the court may sentence in its discretion."

Consistent with the terms of the plea arrangement, Defendant appeared for sentencing on Tuesday, 3 September 2019. When the case was called on the calendar, the sentencing hearing was continued to Friday, 6 September 2019. Later that same

day, however, the prosecutor informed Defendant's attorney that sentencing would instead take place the very next day, on Wednesday, 4 September 2019 at 10:30 a.m. Defendant's attorney stated in open court that he had notified Defendant of the change.

¶ 5        The next day, Defendant did not appear at 10:30 a.m. The prosecutor continued the sentencing hearing, and the trial court issued a warrant for Defendant's arrest. An hour and fifteen minutes later, at 11:45 a.m., Defendant appeared, indicating that he was under the impression that sentencing was scheduled for 11:30 a.m. Defendant was taken into custody.

¶ 6        On 11 October 2019, Defendant's sentencing hearing was held before the Honorable Keith O. Gregory in Johnston County Superior Court. During the hearing, Defendant's attorney attempted to explain Defendant's late arrival to the 4 September 2019 sentencing hearing—emphasizing that although Defendant had arrived late, his attorney was still at the court in front of the sentencing judge. Defendant's attorney also emphasized that Defendant had timely appeared on 3 September 2019 for sentencing, as required by the plea agreement. Defendant's attorney explained that he had not sought to strike the warrant issued for Defendant's failure to appear on 4 September because Defendant had come to court prepared to be taken into custody.

¶ 7        Judge Gregory, in response to Defendant's attorney, indicated that he "[didn't]

believe that it was forgotten. I believe that [Defendant] just didn't come on time. That's what I believe."

¶ 8     The prosecutor argued that Defendant had violated the terms of the plea agreement by not appearing at the 4 September 2019 sentencing hearing on time and thus, the trial court was permitted to sentence Defendant in its discretion. The prosecutor told the court that he had promised the victim, "[w]ell [Defendant] didn't show up, so the sentencing is going to be in the discretion of the court."

¶ 9     The prosecutor then called the victim as a witness. She testified that she was upset by the two-month delay of Defendant's sentencing, which the prosecutor had agreed to without her consent. Adding to her frustration, she had missed work to appear at Defendant's scheduled hearing on 4 September and had left the courthouse by the time he appeared late. That same day, she talked with other family members who said Defendant had second thoughts about appearing in court.

¶ 10     After hearing from the victim, the State, and counsel for Defendant, the trial court found Defendant to be in breach of the plea agreement and indicated that the court would sentence Defendant in its discretion. The trial court then imposed consecutive sentences for each charge: ten to 21 months for assault by strangulation, 33 to 52 months for second-degree kidnapping, and 33 to 52 months for assault with a deadly weapon. Defendant gave oral notice of appeal. Defendant subsequently filed a Petition for Writ of Certiorari with our Court requesting appellate review under

N.C. Gen. Stat. § 15A-1444(e) and N.C. Gen. Stat. § 7A-32(c), should the court conclude that his arguments are not within the scope of his direct appeal.

## II. Analysis

Defendant contends that the trial court erred in failing to sentence him in accordance with the plea agreement. We agree.

### A. Petition for Writ of Certiorari

As noted above, Defendant filed a Petition for Writ of Certiorari on 17 July 2020 seeking review of the trial court's judgment. The General Statutes provide that a defendant "is not entitled to appellate review as a matter of right when he has entered a plea of guilty." N.C. Gen. Stat. § 15A-1444(e) (2019). However, there are some exceptions. Pursuant to N.C. Gen. Stat. § 15A-1444,

> (a2) A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:
>
> (1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21;
>
> (2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
>
> (3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record

or conviction level.

N.C. Gen. Stat. § 15A-1444(a2)(1)-(3) (2019).

¶ 13   The question presented by Defendant's appeal is whether the trial court erred by failing to adhere to the terms of the plea agreement. "In effect, the State [has] rescind[ed] a plea agreement which the State agreed to and was accepted by the court." *State v. Isom*, 119 N.C. App. 225, 227-28, 458 S.E.2d 420, 421-22 (1995). Because this issue does not clearly fall within the exceptions to N.C. Gen. Stat. § 15A-1444(e), Defendant requests that we issue a writ of certiorari to review it. Because the unilateral withdrawal of a plea agreement by the State involves a possible due process violation, *see Santobello v. New York*, 404 U.S. 257, 267 (1971), we exercise our broad discretion, pursuant to N.C. Gen. Stat. § 7A-32(c), and hereby allow Defendant's petition for a writ of certiorari.

**B. Standard of Review**

¶ 14   In general, "[a] judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962). We review *de novo* the issue of whether a plea agreement has been breached and whether the trial court has erred in entering a judgment inconsistent with the terms of a plea agreement. *See State v. Rodriguez,*

111 N.C. App. 141, 147, 431 S.E.2d 788, 791 (1993).

**C. Plea Agreement**

¶ 15 Although plea agreements "arise[ ] in the context of a criminal proceeding, it remains in essence a contract" and should be analyzed based on principles of contract law." *State v. Blackwell*, 135 N.C. App. 729, 731, 522 S.E.2d 313, 315 (1999), *remanded on other ground*, 353 N.C. 259, 538 S.E.2d 929 (2000); *State v. Lacey*, 175 N.C. App. 370, 377, 623 S.E.2d 351, 356 (2006). Our courts, however, have recognized that plea agreements are "markedly different from an ordinary commercial contract[,]" because the defendant waives many of his constitutional rights by pleading guilty. *Blackwell*, 135 N.C. App. at 731, 522 S.E.2d at 315. Thus, the plea bargain "phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant [receives] what is reasonably due in the circumstances." *Santobello*, 404 U.S. at 262.

¶ 16 "If the parties have agreed upon a plea arrangement pursuant to G.S. 14A-1021 in which the prosecutor has agreed to recommend a particular sentence, they must disclose the substance of their agreement to the judge at the time the defendant is called upon to plead[,]" and the court must engage in a colloquy with the defendant to ensure that his acceptance of the plea is knowing and voluntary. N.C. Gen. Stat. § 15A-1023(a)-(b) (2019). "Although a defendant has no constitutional right to have

a guilty plea accepted by a trial court, both the defendant and the State are bound by the terms of the plea agreement once the defendant has entered a guilty plea and such plea has been accepted by the trial court." *State v. Tyson*, 189 N.C. App. 408, 413-14, 658 S.E.2d 285, 289 (2008) (internal marks and citations omitted). "[W]hen a prosecutor fails to fulfill promises made to the defendant in negotiating a plea bargain, the defendant's constitutional rights have been violated and he is entitled to relief." *Northeast Motor Co. v. N.C. State Bd. of Alcoholic Control*, 35 N.C. App. 536, 538, 241 S.E.2d 727, 729 (1978).

¶ 17        Here, Defendant bargained for the State's consolidation of three charges for judgement purposes and the dismissal of two separate offenses, in exchange for his guilty plea. As a special condition, the plea arrangement provided that Defendant would "report for sentencing[,]" which was continued to 3 September 2019. If Defendant failed to appear, the consolidation of judgments would not apply, and Defendant would be sentenced in the court's discretion.

¶ 18        The State argues that Defendant breached the plea agreement by failing to appear in court at the time appointed for his sentencing. The State heavily relies on a Seventh Circuit case in which the court determined that a defendant's "failure to appear for sentencing violates the conditions of pretrial release and one of the fundamental premises underlying any plea agreement: a willingness to face the consequences of admitted criminal conduct." *United States v. Munoz*, 718 F.3d 726,

730 (7th Cir. 2013). "Federal cases, although not binding on this Court, are instructive and persuasive authority." *State v. Tutt*, 171 N.C. App. 518, 531, 615 S.E.2d 688, 697 (2005).

¶ 19 In *Munoz*, the defendant pleaded guilty to distributing and possessing cocaine with intent to distribute in accordance with a plea agreement. 718 F.3d at 728. After formally entering the plea, and prior to sentencing, the defendant fled to Mexico. *Id.* Nearly five years later, the defendant was arrested. *Id.* In finding that the defendant had breached the plea agreement, the court explained that "it is not as though [the defendant] had a flat tire while driving to the scheduled sentencing and made himself available for sentencing the next day. Because [the defendant] spent five years on the run, the government got much less than it bargained for." *Id.* at 730.

¶ 20 This case is remarkably distinguishable from *Munoz*. Here, Defendant did not abscond or attempt to evade sentencing. The plea arrangement specifically provided that sentencing would be continued until 3 September 2019. Defendant quite reasonably interpreted this to mean that he would be taken into custody on 3 September 2019 following his sentencing hearing. Defendant did not anticipate or influence the State's decision to continue sentencing to another day. To that end, Defendant did in fact appear for the re-scheduled sentencing hearing on 4 September 2019, albeit over an hour late.

¶ 21 This is not a case in which the defendant absconded or lacked "a willingness to

face the consequences of admitted criminal conduct." *Munoz*, 718 F.3d at 730. Indeed, by appearing an hour and fifteen minutes late to court, Defendant in no way deprived the State of the benefit of its bargain—the benefit of avoiding a trial—and Defendant "should not be forced to anticipate loopholes that the State might create in its own promises." *Blackwell*, 135 N.C. App. at 731, 522 S.E.2d at 315.

¶ 22     We do not endorse the proposition that a defendant can willfully disregard the court's time and expectations and still hold the State to the terms of a plea agreement. However, we are not at liberty to minimize the effect of a defendant's decision to waive nearly all his fundamental constitutional rights in reliance on a promise made by the State. Our courts have consistently recognized the importance of protecting one of a defendant's most fundamental rights—the right to a jury trial—emphasizing that "[n]o other right of the individual has been so zealously guarded over the years and so deeply embedded in our system of jurisprudence." *State v. Boone*, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). Thus, in plea agreement disputes, the State should be held to "a greater degree of responsibility than the defendant (or possibly than would be either of the parties to commercial contracts) for imprecisions or ambiguities in plea agreements." *Blackwell*, 135 N.C. App. At 731, 522 S.E.2d at 315 (internal marks and citations omitted).

¶ 23     The State promised to pray judgment if Defendant appeared for sentencing on 3 September 2019. Defendant did, in fact, appear for sentencing on 3 September

2019, and again on 4 September 2019, at the request of the State. We cannot conclude that by arriving one hour and fifteen minutes late to court Defendant forfeited what was promised to him by the State. Not only was the State still afforded the benefit of its bargain, but the spirit of the agreement—having Defendant appear for sentencing—was not violated. We therefore hold that the State violated the plea agreement by not pleading judgment at the sentencing hearing, and the trial court erred by imposing a sentence different than the terms of the plea agreement.

> When the State fails to fulfill promises made to the defendant in negotiating a plea bargain the defendant is entitled to relief, typically in the form of specific performance of the plea agreement or withdrawal of the plea itself (i.e. rescission). Other courts have found that while rescission is an available remedy, it is not always appropriate under the circumstances. When a prosecutor breaches a plea agreement, the purpose of the remedy is, to the extent possible, to repair the harm caused by the breach.

*State v. King*, 218 N.C. App. 384, 390, 721 S.E.2d 327, 331 (2012) (internal marks and citations omitted).

¶ 24 Here, Defendant fulfilled his obligations under the plea agreement by formally entering a guilty plea, which was accepted by the trial court, and appearing for sentencing on the date specified in the plea agreement. When the State failed to plead judgment, but instead insisted that the court should sentence Defendant at its discretion, it violated the terms of the plea agreement, and the trial court imposed a

sentence in violation of Defendant's due process rights. As a result, Defendant was sentenced to at least three and half more years than the punishment the State agreed to in exchange for his guilty pleas. The harm can "be addressed by holding the [S]tate to its agreement and affording [the Defendant] the benefit of his bargain[,] i.e. specific performance." *Id.* (internal quotations and citations omitted). Thus, this Court vacates the trial court's judgment and remands for the trial court to reinstate the plea agreement.

### III.   Conclusion

¶ 25      Altogether, Defendant did not breach the plea agreement. He appeared on the date required and his tardiness to the sentencing hearing that occurred a day later did not amount to a breach of the plea agreement, as the State was still afforded the benefit of its bargain. The State failed to uphold its end of the plea agreement by pleading judgment at sentencing, thereby depriving Defendant of the benefit of the bargain. Accordingly, we vacate the trial court's judgment, reinstate the plea agreement, and remand the case for further proceedings.

VACATED AND REMANDED.

Judges DILLON and INMAN concur.