The indictment charged the prisoner as principal and his mother as accessory before the fact, in the murder of Cornelia Ludwick, his wife. Upon application of the mother there was a severance in the trials. The prisoner and his wife had been married only eleven days at the time of her disappearance, and were living with his father. Nine days after her disappearance her dead body was found in the Yadkin about a mile from the prisoner's residence. She had been shot through the head, and her throat had been cut.
The State relied upon circumstantial testimony in order to procure a conviction.
It was shown that the prisoner was much under his mother's control, and that she was greatly displeased with the marriage, and would not *Page 314 
permit the deceased to eat at the table or to sleep in the house. (402) A witness proved that on the fourth day after the marriage he visited the house and found the deceased standing out in the yard, in a hard rain, whilst the prisoner and his mother were sitting in the porch. Upon the witness asking prisoner why he did not ask his wife in, out of the rain, the mother said, No such d___d bitch shall come into my house; and the prisoner said nothing. The prisoner objected to this evidence of what his mother said, but the court received it.
The prisoner, among various contradictory accounts which he gave of his wife's disappearance, said that his father had shot her. On his saying this at one time in his father's presence, the latter indignantly denied it. The prisoner objected to the evidence of what his father had said, but it was received by the court.
The prisoner offered his father as a witness, but upon his being objected to by the State, the court excluded him. The prisoner excepted.
Verdict, guilty; rule for a new trial discharged; judgment and appeal.
The English decisions upon the two statutes from which our recent act in regard to evidence is taken (Lord Denman's and 14 and 15 Victoria) do not apply here, as the form in which our legislation in this case has been cast differs from the English so much that it may be considered original.
The exceptions in our act are only in case husband or wife is theparty upon trial. In that case the elementary books put the former exclusion upon public policy; in other cases upon interest. The act of 1866 removes the disability of interest in all cases.
(403) The act is broad enough to include codefendants; and the exclusions are only where one is called upon to testify for or againsthimself. In this case the mother might have been indicted for a substantive felony, and in such case her husband's evidence upon her son's trial would be res inter alios.
The wife here is indicted as an accessory, and not for a substantive felony; and in such case neither she nor her husband was formerly competent as a witness for the principal. 1 Gr. Ev., sec. 407; S. v. Duncan, 6 Ire., 296; S. v. Chittem, 2 Dev., 49; S. v. Jolly, 3 D. B., 110; S. v. Smith, 2 Ire., 402; Rex v. Smith, 1 Moody Cr. Ca., 289; Webb's case, 2 Russ. Cr., 982. *Page 315 
The husband has not been rendered competent by the act of 1866. His exclusion in cases affecting his wife is on account of public policy, and therefore is not touched by our act, which was intended, upon its face, to do away with such disabilities only as result from interest or from crime.Stapleton v. Croft, 83 Eng. Com. Law, 367; Barbut v. Allen, 10 Eng. L. 
E., 596; Alcock v. Alcock, 12 Eng. L. E., 354.
The first exception, as to the admissibility of what the witness Linebarger said to the prisoner, and the reply made by the mother of the prisoner in his presence, and also the second exception, as to the admissibility of the fact that the prisoner charged his father as the murderer, and that his father, being present, indignantly denied it, were properly abandoned in this Court.
So the only point is, the rejection of the father when offered by the prisoner as a witness in his behalf. We think the witness ought to have been rejected.
The prisoner was indicted as principal, and his mother, the (404) wife of the witness, was indicted as accessory before the fact. The prisoner was alone on trial; and the question is, Was the husband called to give evidence for the wife? That depends upon, Whether evidence for the prisoner was evidence for her; and that depends upon whether the acquittal of the prisoner would in its legal effect be an acquittal of the wife.
At common law an accessory before the fact could not be convicted, unless the principal when tried at the same time was first convicted; or unless he had been before tried, convicted, and received judgment. Duncan'scase, 6 Ire., 98. That decision called for legislative interference; and to remedy the defect in the common law, it was enacted, Rev. Code, ch. 34, sec. 53, that "any person counseling, etc., the commission of a felony, shall be deemed guilty of felony, and may be indicted and convicted, either as accessory before the fact to the principal felony, together with the principal felon, or may be indicted and convicted of a substantive felony,whether the principal felon shall or shall not have been previouslyconvicted or shall or shall not be amenable to justice." This statute alters the common law, and puts out of the way the necessity of a prior conviction and attainder of the principal felon, but it has not even the most remote bearing upon a case where the prisoner charged as principal felon has been tried and acquitted. That is left as at common law, and the notion that when it is decided by the judgment of the law that no felony has been committed, and that the person charged as the principal felon isnot guilty, one charged as being accessory before the fact can be tried and convicted, is out of the question, for there is *Page 316 no fact and no principal. That an acquittal of the principal is an acquittal of the accessory is settled by all of the books — 2 Hawk. P. C., ch. 29, sec. 40; 4 Rep., 43, in which latter book my Lord Coke (405) says that the maxim of the law is, "ubi factum nullum, ibi fortia nulla; et ubi non est principalis non potest esse accessorius."
This maxim is extended to all offenses which cannot be committed except by more than one person. In Tom's case, 2 Dev., 569, it is held in an indictment for a conspiracy against two, that the acquittal of one is the acquittal of the other. So in Mainor's case, 6 Ire., 340, and Parham'scase, 5 Jon., 416 (indictments for fornication and adultery) — it is held that an acquittal of one is an acquittal of the other; for it takes two to commit the offense, and when it is fixed by judgment at law that one is not guilty, it follows that the other cannot be guilty; and in Mainor'scase, supra, although the jury found the man guilty, yet as they found the woman not guilty, it was held to be an acquittal of both, upon the settled rule in regard to the acquittal of the principal being in legal effect the acquittal of the accessory.
It is therefore perfectly clear that if the prisoner had been acquitted, it would have been an acquittal of the wife of the witness, consequently the witness was called to give evidence for his wife.
We find nothing in the act of 1866, ch. 43, "An act to improve the law of evidence," to change this view of the subject, for in section 3 it is provided that "nothing contained in the second section of this act shall render any person competent or compellable in a criminal proceeding to give evidence for or against himself, or any husband competent or compellable to give evidence for or against his wife," etc. Suppose the mother had been called to give evidence for the prisoner, she was incompetent, as it would be giving evidence for herself, and, for the like reason the husband was incompetent, and could not give evidence for his wife.
There is no error. This will be certified to the end, etc.
PER CURIAM. There is no error.
Cited: S. v. Rose, post, 409; S. v. Mooney, 64 N.C. 56; S. v. Gardner,84 N.C. 735; S. v. Rowe, 98 N.C. 633; S. v. Jones, 101 N.C. 722; S.v. DeGraff, 113 N.C. 692. *Page 317 
(406)