STATE OF NORTH CAROLINA v. ANGELA CAPES SUITES

No. 9118SC1130

(Filed 16 March 1993)

**Criminal Law § 51 (NCI4th) — murder — accessory before the fact — plea before trial of principal — principal acquitted — plea set aside**

> The trial court erred by denying defendant's motion to set aside her plea of guilty of accessory before the fact to second degree murder where defendant was indicted for first degree murder and conspiracy to commit first degree murder; the State acknowledged at a pretrial hearing that defendant would be tried on the theory of accessory before the fact; defendant entered a plea of guilty to accessory before the fact to second degree murder pursuant to plea negotiations; the court accepted the plea but deferred sentencing until the district attorney should pray judgment; the principal was tried and acquitted of murder and convicted of conspiracy; the State prayed judgment against defendant and defendant filed a motion to set aside her plea because the principal had been acquitted; and the court denied the motion and sentenced defendant. N.C.G.S. § 14-5.2 cannot be read as altering the long-standing rule that the acquittal of the named principal is an acquittal of the accessory before the fact. This rule must prevail whether the defendant, prior to the acquittal of the principal, has been tried and found guilty of a felony on the theory that he was an accessory before the fact, or has pled guilty to being an accessory before the fact to the felony.

**Am Jur 2d, Criminal Law § 172.**

Appeal by defendant from judgment entered 22 March 1991 in Guilford County Superior Court by Judge Joseph R. John. Heard in the Court of Appeals 2 February 1993.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General E. H. Bunting, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Constance H. Everhart, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from a judgment entered 22 March 1991, which judgment is based on a plea of guilty by defendant to accessory before the fact to second-degree murder, N.C.G.S. §§ 14-5.2 and 14-17 (1986), a Class C felony with a maximum term of life in prison and a presumptive term of fifteen years.

Defendant was indicted on 21 December 1987 on the charges of first-degree murder and conspiracy to commit first-degree murder. Upon motion of defendant, the State on 6 July 1989 filed a bill of particulars in the conspiracy case alleging that defendant conspired with Henry Roberson to commit the murder of Dickie Ray Suites, defendant's husband. At a hearing conducted on 10 July 1989 on defendant's motion to suppress, the State acknowledged that defendant would be tried in the murder case on the theory of accessory before the fact, with the named principal being the individual identified in the conspiracy bill of particulars—Henry Roberson. Defendant, pursuant to plea negotiations with the prosecutor, entered a plea of guilty to accessory before the fact to second-degree murder. After examining defendant under oath pursuant to N.C.G.S. § 15A-1022 regarding the voluntariness of her plea, the court accepted defendant's guilty plea, finding, *inter alia*, that there was a factual basis for the plea and that the plea was freely, voluntarily, and understandingly made and the informed choice of defendant. The transcript of plea was filed 12 July 1989.

Upon the court's acceptance of defendant's guilty plea, defendant withdrew her motion to suppress and the State entered a voluntary dismissal of the conspiracy charge. Under the terms of the plea agreement with the State, defendant promised to testify truthfully for the State at the trial of Henry Roberson in exchange for a twelve-year active prison sentence. Accordingly, sentencing

STATE v. SUITES

[109 N.C. App. 373 (1993)]

was deferred until the District Attorney should pray judgment following the trial of Roberson.

Roberson was indicted and tried for the first-degree murder of Dickie Ray Suites and for conspiracy with defendant to murder Suites. On 22 January 1991, the jury returned verdicts finding Roberson not guilty of first-degree murder, but guilty of conspiracy to commit murder. Roberson was sentenced to three years on the conspiracy conviction. The following day, the State prayed judgment in the murder case against defendant, which the trial court continued.

On 14 February 1991, defendant filed a motion to set aside her guilty plea, contending that her plea of guilty to accessory before the fact to a murder alleged to have been committed by Henry Roberson could not stand because Roberson had been acquitted of first-degree murder and all lesser included offenses. In ruling on defendant's motion to set aside her guilty plea, the trial court found in pertinent part that, at the time of defendant's plea, (1) she was represented by counsel, (2) there existed a factual basis for the entry of her plea, and (3) defendant stated under oath that she was in fact guilty. The court also found that defendant had not asserted in any way at the hearing on her motion to set aside the plea that she was not a participant in the murder of her deceased husband. The court concluded that defendant had not shown a fair and just reason to be allowed to withdraw her plea, and denied the motion. Thereafter, defendant was sentenced to a twelve-year active term in accordance with her plea agreement. She appeals.

---

The issue presented is whether the acquittal of the named principal on charges of first-degree murder requires as a matter of law that defendant's plea of guilty to accessory before the fact to second-degree murder be set aside.

A criminal defendant is generally accorded the right to withdraw a plea of guilty upon motion made prior to sentencing if he meets his burden of showing that his motion is supported by a fair and just reason and the court determines that withdrawal of the plea will not cause substantial prejudice to the State. *State v. Handy*, 326 N.C. 532, 536, 391 S.E.2d 159, 161 (1990). When a defendant seeks to withdraw a guilty plea after sentencing, his motion should be granted only where necessary to avoid manifest injustice. *Id.*

The stricter standard applied to post- versus pre-sentence motions to withdraw is warranted by the likelihood that, after sentencing, the defendant will view the plea bargain as a tactical mistake or that other portions of the plea bargain agreement already will have been performed by the prosecutor, such as the dismissal of additional charges, and by " 'the settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea.' " *Id.* at 537, 391 S.E.2d at 161 (citation omitted). "In reviewing a decision of the trial court to deny defendant's motion to withdraw, the appellate court . . . makes an 'independent review of the record.' " *State v. Marshburn,* 109 N.C. App. 105, 108, 425 S.E.2d 715, 718 (1993) (citation omitted).

In the instant case, defendant argues that the trial court correctly applied the "fair and just reason" standard to her motion to set aside her plea of guilty, but that the court erroneously determined that defendant had failed to show a fair and just reason to set the plea aside. Specifically, defendant argues that an acquittal by a fact-finder of the person charged as principal to a felony has the legal effect of an acquittal as to an alleged accessory before the fact, and therefore defendant's plea to being an accessory before the fact to a murder allegedly committed by Henry Roberson was contrary to law once Roberson was tried and acquitted by a jury. The State argues that the trial court properly denied defendant's motion, but that it applied the wrong standard in doing so. According to the State, the stricter "manifest injustice" standard applies to defendant's motion because even though defendant had not been sentenced when she made the motion, defendant knew, based on her plea bargain with the State, that she would be sentenced to a twelve-year active term when the State prayed judgment. In addition, the State had already carried out its portion of the plea bargain by dismissing defendant's conspiracy charge. According to the State, the existence of the aforementioned circumstances made defendant's motion equivalent to a post-sentence motion to withdraw. We need not determine, however, whether the trial court applied the correct standard in ruling on defendant's motion to set aside her guilty plea because, under either standard, defendant's motion should have been granted.

An accessory before the fact to murder is one who counsels, procures, commands, encourages, or helps the principal to murder the victim, but who is not present when the principal commits the murder. *State v. Oliver,* 302 N.C. 28, 54-55, 274 S.E.2d 183,

200 (1981). At common law, conviction and judgment of the principal had to precede the conviction of the accessory. *State v. Duncan*, 6 Ired. 98, 28 N.C. 98, 102 (1845). In 1854, legislation was enacted in North Carolina which provided that any person who counseled, procured, or commanded any other person to commit any felony was guilty of a felony and could be indicted and convicted either as an accessory before the fact to the principal felony or as a substantive felon, "whether the principal felon shall or shall not have been previously convicted or shall or shall not be amenable to justice." N.C. Rev. Code ch. 34, sec. 53 (1854). Thus, the new legislation alleviated the requirement that conviction of the principal had to precede conviction of the accessory. *State v. Ludwick*, 61 N.C. 400, 404 (1868). In cases decided after the enactment of this statute, however, our Supreme Court held that the new law, eventually codified at N.C.G.S. § 14-5, did not change the common law rule "[t]hat an acquittal of the principal is an acquittal of the accessory." *Ludwick*, 61 N.C. at 404; *accord State v. Jones*, 101 N.C. 719, 721-22, 8 S.E. 147, 148 (1888).

In 1981, the General Assembly repealed Section 14-5 and enacted N.C.G.S. § 14-5.2, which provides in relevant part that

> [a]ll distinctions between accessories before the fact and principals to the commission of a felony are abolished. Every person who heretofore would have been guilty as an accessory before the fact to any felony shall be guilty and punishable as a principal to that felony.

N.C.G.S. § 14-5.2 (1986). Thus, both the accessory before the fact and the perpetrator of the crime are treated as principals and, as such, are both punishable for the substantive crime. It would appear, therefore, that the acquittal of the alleged principal would not require acquittal of the accessory before the fact, since pursuant to Section 14-5.2, they are both "principals." *See State v. Whitt*, 113 N.C. 716, 718-19, 18 S.E. 715, 716 (1893) (what another jury has decided as to one coprincipal inadmissible for or against another charged as a principal). Indeed, this is the view expressed by the majority of courts in jurisdictions which have enacted statutes permitting accessories before the fact to be indicted, tried, and convicted as principals. *See, e.g., Kott v. State*, 678 P.2d 386 (Alaska 1984); *State v. McAllister*, 366 So. 2d 1340 (La. 1978); *State v. Massey*, 229 S.E.2d 332 (S.C. 1976); *Singletary v. State*, 509 S.W.2d 572 (Tex. Crim. App. 1974); *cf. Standefer v. United States*, 447

U.S. 10, 64 L. Ed. 2d 689 (1980) (under federal statute providing that person who aids or abets commission of federal offense is punishable as principal, aider and abettor may properly be convicted after named principal has been acquitted of the offense); *see also generally* 21 Am. Jur. 2d *Criminal Law* § 176 (1981); *but see Pierce v. State*, 168 S.W. 851 (Tenn. 1914) (conviction of an accessory before the fact requires proof of the commission of the crime by the principal and acquittal of the alleged principal constitutes a failure of proof that the crime was committed, thereby requiring reversal of the conviction of the accessory before the fact).

However, our Supreme Court has whenever faced with the question consistently held that the acquittal of the named principal operates as an acquittal of the accessory before the fact. *See Ludwick*, 61 N.C. at 404; *Jones*, 101 N.C. at 721-22, 8 S.E. at 148; *State v. Mooney*, 64 N.C. 54, 55 (1870); *cf. State v. Gainey*, 273 N.C. 620, 623, 160 S.E.2d 685, 686 (1968) (because the conviction of principal on charges of carrying a concealed weapon was improper, the conviction of two other defendants for aiding and abetting the principal must also fail); *State v. Robey*, 91 N.C. App. 198, 208, 371 S.E.2d 711, 716-17, *disc. rev. denied*, 323 N.C. 479, 373 S.E.2d 874 (1988) (conviction of an accessory after the fact to a felony committed by a named principal not permitted if that named principal is acquitted); *cf. State v. Beach*, 283 N.C. 261, 269, 196 S.E.2d 214, 220 (1973), *overruled on other grounds*, *State v. Adcock*, 310 N.C. 1, 310 S.E.2d 587 (1984) (acquittal of one *not* named as principal not a sufficient basis for dismissal of charges against one charged as an aider and abettor). Although this issue has not specifically been addressed since the enactment of Section 14-5.2, former N.C.G.S. § 14-5 (allowing indictment and conviction of accessories before the fact as substantive felons) was construed by our Supreme Court in 1917 as abolishing "all distinction between principals and accessories before the fact." *State v. Bryson*, 173 N.C. 803, 806, 92 S.E. 698, 699-700 (1917). Thus, the enactment of Section 14-5.2 created no new law; rather, it merely codified a concept that had previously been adopted by our Supreme Court and clarified the law that accessories before the fact are punishable as principal felons. Accordingly, we cannot read Section 14-5.2 as altering the long-standing rule that the acquittal of the named principal is an acquittal of the accessory before the fact. Because this rule is so fundamental to the jurisprudence of our State, it must prevail whether the defendant, prior to the acquittal of the

principal, has been tried and found guilty of a felony on the theory that he was an accessory before the fact, or has pled guilty to being an accessory before the fact to the felony.

In light of the acquittal in the instant case of the only named principal, setting aside defendant's plea of guilty is not only supported by a fair and just reason, but is necessary in order to prevent manifest injustice. We therefore reverse the order of the trial court denying defendant's motion and remand for entry of an order allowing the motion.

Reversed and remanded.

Judges JOHNSON and MARTIN concur.