STATE OF NORTH CAROLINA v. TIMOTHY RAY RUSSELL

No. COA01-1494

(Filed 15 October 2002)

**Criminal Law— plea agreement—motion to withdraw**

The trial court's denial of defendant's post-sentencing motion to withdraw his guilty plea to the charge of conspiracy to commit assault inflicting serious bodily injury did not result in manifest injustice, because: (1) even though defendant contends the plea agreement would allow him to go to trial if he refused to testify against his codefendants, the plea agreement gave the State the option of declaring the plea null and void, necessitating a trial, or praying for judgment, and the State chose to pray for judgment; (2) there was no contention the trial court failed to inform defendant of the maximum sentence available; and (3) defendant signed a transcript of plea form and the trial court conducted the proper inquiry which was sufficient to show defendant's plea was entered into knowingly and voluntarily with full awareness of the direct consequences of his plea.

Appeal by defendant from judgment dated 12 April 2001 by Judge D. Jack Hooks, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 17 September 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Hal F. Askins, for the State.*

*A. Michelle FormyDuval for defendant appellant.*

GREENE, Judge.

Timothy Ray Russell (Defendant) appeals a judgment dated 12 April 2001 and the denial of his motion to withdraw a guilty plea entered 12 April 2001.

At a hearing on 6 December 2000, Defendant entered a plea of guilty to the charge of conspiracy to commit assault inflicting serious bodily injury pursuant to N.C. Gen. Stat. §14-32.4. This guilty plea was entered in accordance with a plea agreement, which provided a prayer for judgment would be entered until Defendant had the opportunity to testify against co-defendants in the case. The plea agreement further provided if Defendant complied with its terms, the State would agree to an active sentence of ten-twelve months to run con-

currently with other sentences Defendant was already serving. If Defendant refused to testify against his co-defendants, "the State, at its option, [could] declare this agreement null and void or pray judgment on this plea."

The trial court conducted an inquiry into Defendant's competency and understanding of the charges, the guilty plea and the plea agreement, the maximum sentence for the charge, and Defendant's satisfaction with the representation and advice of his attorney. Defendant also completed and signed a "Transcript of Plea" form that included a written recitation of the court's oral inquiry and the terms of the plea agreement. In the Transcript of Plea, Defendant acknowledged his full understanding of the terms of the agreement and that his guilty plea was knowing and voluntary.

At a hearing on 12 April 2001, the State prayed for judgment on the plea based on Defendant's refusal to testify against a co-defendant. Defendant did not contest his failure to comply with the plea agreement, asserting only his fear of testifying due to threats he had received, allegedly from the co-defendant, while in prison on unrelated charges and asked for either a concurrent or probationary sentence. The trial court imposed a sentence of ten-twelve months to run consecutively with Defendant's prior sentences. Defendant then moved to withdraw his guilty plea, and the motion was denied.

---

The issues are whether (I) the actual sentence entered in this case is consistent with the plea agreement; and (II) Defendant must be allowed to withdraw his plea because to do otherwise would constitute a manifest injustice.

A plea agreement is treated as contractual in nature, and the parties are bound by its terms. *See State v. Rodriguez*, 111 N.C. App. 141, 144, 431 S.E.2d 788, 790 (1993). Thus, if a trial court enters a sentence inconsistent with the agreed plea, the defendant is entitled to withdraw his guilty plea as a matter of right. N.C.G.S. § 15A-1024 (2001). If the sentence imposed is consistent with the plea agreement, the defendant is entitled to withdraw his plea upon a showing of manifest injustice. *See State v. Suites*, 109 N.C. App. 373, 375, 427 S.E.2d 318, 320 (1993). Factors to be considered in determining the existence of manifest injustice include whether: Defendant was represented by competent counsel; Defendant is asserting innocence; and Defendant's plea was made knowingly and voluntarily or was the result of misunderstanding, haste, coercion, or confusion. *See State v. Handy*, 326 N.C. 532, 539, 391 S.E.2d 159, 163 (1990).

I

Defendant first contends a reasonable construction of the plea agreement would allow him to "go to trial" if he refused to testify against his co-defendants and thus, he should have been allowed to withdraw his plea after the sentence was entered.[1] We disagree.

There was no ambiguity in the plea agreement. It simply stated that if Defendant refused to testify against his co-defendants the State had the option of declaring the plea "null and void," necessitating a trial, or praying for judgment. The plea agreement set no limits on the actual sentence the trial court could impose if prayer for judgment was requested where Defendant did not provide the agreed to testimony. Here, the State chose to pray for judgment and the trial court was free to enter judgment consistent with the sentencing statutes. Defendant makes no contention the sentence is not within the statutory guidelines. Accordingly, Defendant was not entitled to withdraw his plea pursuant to section 15A-1024.

II

In the alternative, Defendant argues his post-sentence motion to withdraw his plea should have been allowed because of manifest injustice on the grounds he was not fully informed, at the time his plea was entered, of the sentencing consequences of his plea.[2]

A

Defendant first contends the trial court when receiving his plea did not inform him that, in the event he did not testify against his co-defendants, the sentence he could receive in this case could be made to run at the expiration of the sentences he was currently serving for unrelated criminal convictions. Consequently, Defendant argues, he entered his plea without a full understanding of its real consequences. We disagree. The trial court is only required to inform a defendant of the maximum possible sentence, including consecutive

---

1. Defendant argues in his brief to this Court the trial court committed error in not conducting an evidentiary hearing prior to entering judgment to determine if Defendant had any fair and just reason to withdraw his plea. *See Suites*, 109 N.C. App. at 375, 427 S.E.2d at 320 (guilty plea may usually be withdrawn before sentencing for any fair and just reason). We do not address this issue because Defendant made no motion to the trial court before sentence was entered. Furthermore, Defendant's assertion of plain error is not appropriate, as the alleged error is not within the scope of plain error as recognized by our courts. *See State v. Anderson*, 355 N.C. 136, 142, 558 S.E.2d 87, 92 (2002).

2. Defendant asserts no other grounds for supporting his manifest injustice claim.

sentences, on the charge or charges for which the defendant is being sentenced. N.C.G.S. § 15A-1022(a)(6) (2001). In this case, there is no contention the trial court failed to inform Defendant of the maximum sentence available for the crime for which he was currently charged.

## B

Defendant next contends the trial court was required to inform him that if he did not testify against his co-defendants, the State had the option of praying for judgment and if the State made that election, he would not be entitled to a trial.

A court may accept a guilty plea only if it is "made knowingly and voluntarily." *State v. Wilkins*, 131 N.C. App. 220, 224, 506 S.E.2d 274, 277 (1998) (citing *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274 (1969)). A plea is voluntarily and knowingly made if the defendant is made fully aware of the direct consequences of his plea. *Wilkins*, 131 N.C. App. at 224, 506 S.E.2d at 277 (citing *Brady v. United States*, 397 U.S. 742, 755, 25 L. Ed. 2d 747, 760 (1970)). Further, if the defendant signed a Transcript of Plea and the record reveals the trial court made "a careful inquiry" of the defendant, it is sufficient to show the defendant's plea was knowingly and voluntarily made, with full awareness of the direct consequences. *Wilkins*, 131 N.C. App. at 224, 506 S.E.2d at 277.

In this case, the record reveals Defendant completed and signed a Transcript of Plea form and the trial court conducted the proper inquiry. This is sufficient to show Defendant's plea was entered into knowingly and voluntarily, with full awareness of the direct consequences of his plea. Accordingly, the denial of Defendant's post-sentencing motion to withdraw his guilty plea did not result in manifest injustice.

Affirmed.

Judges WYNN and BIGGS concur.