COLLINS, Judge.
 

 *552
 
 Defendant appeals from an order denying his Motion to Withdraw Plea and Motion for Appropriate Relief. Defendant argues that the trial court erred by denying the motions because circumstances demonstrate that the withdrawal of Defendant's guilty plea would prevent manifest injustice. We affirm.
 

 I. Factual Background and Procedural History
 

 On 10 April 2018, Defendant pled guilty to felony possession with intent to manufacture, sell, or deliver marijuana; felony possession of marijuana; and felony maintaining a vehicle for controlled substance. During the plea hearing, Defendant admitted to transporting and delivering approximately three pounds of marijuana to Asheville; answered affirmatively when asked by the court if he understood the felony charges to which he was pleading guilty; and answered affirmatively when asked by the court if he was, in fact, guilty of all three felony charges. The court consolidated Defendant's three convictions for judgment, sentenced Defendant to a term of 6 to 17 months' imprisonment, suspended the sentence, and placed Defendant on supervised probation for 24 months. The court also assessed $972.50 in costs, ordered Defendant to complete 72 hours of community service within the first 150 days, and required Defendant to report for an initial substance abuse assessment.
 

 *867
 
 On 12 April 2018, Defendant filed a Motion to Withdraw Plea and Motion for Appropriate Relief ("Motion"), alleging that he "felt dazed and confused at the time of the plea due to lack of sleep and due to medications he was taking;" "did not understand he was pleading guilty to three felonies and ... did not understand what three felonies being consolidated into one judgment meant;" "did not feel he had appropriate time to consider the plea agreement and felt pressured to make a decision regarding his plea;" and believed his decision to plead guilty would "have negative employment ramifications ... that he was not aware of at the time he entered his plea."
 

 On 16 April 2018, the Motion was heard in superior court. At the hearing, when the State asked Defendant if he had three pounds of marijuana in his car on the date of the offense, Defendant replied, "Yea, I guess." Defendant testified that "nobody threatened or coerced" him into taking a plea, and that he was not promised anything for taking the plea. When asked if he understood what crimes he was charged with and whether he had discussed possible defenses with his attorney, Defendant replied "yes" and "yes, sir." Moreover, when Defendant was asked whether, at the time of the plea hearing, he understood that he was pleading guilty to three felony charges, Defendant relied "yes." Despite these statements
 
 *553
 
 and admissions, however, when asked by the State whether he was asserting his legal innocence, Defendant replied, "I am now."
 

 At the conclusion of the hearing, the court announced extensive findings of fact in support of its conclusion that the Motion was without merit, and denied the Motion. On 24 April 2018, the court entered a written order reflecting its ruling from the bench. The court made the following written findings of fact:
 

 ....
 

 2. Based on the testimony of the Defendant, as well as the observations and understandings of the Court regarding his trial, the Defendant was not only aware of the factual circumstances against him, he was also aware of the pleas that he had been offered to him by the State and that the Defendant basically simply took a position of not doing anything until the trial date.
 

 3. On the morning of April 10, 2018, the Court heard the Defendant's Motion to Suppress. That Motion to Suppress was denied prior to the Court's lunch recess at 12:30 pm and that the State was ready to proceed with the Defendant's trial. Following the denial of the Defendant's Motion to Suppress but prior to the lunch recess, the Defendant was given an opportunity to consider whether to accept a plea offer or go to trial. The Court recessed from 12:30 until 2:00 to give the Defendant an opportunity to consider what was available to him and also to consider whether he wanted to proceed at trial. Furthermore, the Court paused for a period of time up to 15 to 30 minutes, from 2:00 to 2:30, to allow the Defendant to further talk with his attorney and consider whether or not he wanted to plead in this matter.
 

 4. On April 10, 2018 the Defendant appeared before the Court and answered the questions as given to him both orally and written and pursuant to the transcript of the plea.
 

 5. The Defendant at that time answered those questions clearly, appropriately, and at that time did not exhibit any indications that he was dizzy and he stood through the whole transcript -- during the whole time that the plea was offered to him.
 

 *554
 
 6. The Court did not observe any condition of him that would indicate that he was in any way dizzy, nauseous, sick, or confused. The Defendant answered the Court's questions clearly and appropriately throughout the transcript, even pausing at one time to talk to his attorney about one of the questions.
 

 7. Throughout the entire duration of the plea, the Defendant did not indicate through counsel or directly with the Court that he was dizzy in any respects. At the conclusion of the plea the Defendant asked to speak directly with the Court. During the time the Defendant spoke on his behalf directly to the Court, the Defendant spoke both logically and clearly setting out positions that he was taking in regard to the
 
 *868
 
 matter before the Court including admitted responsibility for the charges that he had plead guilty to.
 

 8. The Defendant sought to withdraw his plea after this Court had sentenced him.
 

 9. The Court finds the contentions set forth in the Defendant's Motion for Appropriate Relief filed by the Defendant on April 12, 2018 including that the Defendant was dizzy, nauseous, sick, confused, and did not understand the questions are not credible. It appears to the Court that the Defendant is merely changing his mind after entering into the plea freely and voluntarily and understandingly.
 

 10. The Court also finds that while the Defendant was on cross-examination by the State regarding these matter[s], he indicated that he did not remember various questions asked of him by the Court during the plea. The Court finds his testimony to be untrue and that the Defendant simply does not want to remember those answers, not that he doesn't remember them.
 

 11. The Court finds that the Defendant's appearance, behavior, and ability to communicate with the Court on April 10, 2018, when the plea was entered, were identical to that on April 16, 2018, when the Court heard the Defendant's Motion for Appropriate Relief.
 

 12. The Court renews all the plea adjudication findings that were previously discussed on April 10, 2018.
 

 *555
 
 13. The Defendant entered into and accepted the plea arrangement on April 10, 2018 freely, voluntarily, and understandingly.
 

 14. The Defendant's plea was not entered into in haste, under coercion or at a time when the Defendant was confused.
 

 15. The Court further finds the following in regards to the factors set forth in
 
 State v. Meyer
 
 ,
 
 330 N.C. 738
 
 , 742-43,
 
 412 S.E.2d 339
 
 , 342 (1992) ; The Defendant did not assert his legal innocence on April 10, 2018 during the plea or in his filed Motion for Appropriate Relief; The State's case and the evidence against the Defendant was insurmountable. At a previous hearing evidence was presented that State and law enforcement had placed a GPS tracker within the boxes where the marijuana was located, and they were tracking both the Defendant as well as the vehicle he was driving at the time. Law enforcement knew and had verified that marijuana was contained in the boxes before the Defendant took possession, and law enforcement conducted surveillance on the Defendant the entire time the marijuana was in his possession. Furthermore, the marijuana was found by the officer at the time that the Defendant was pulled over. In addition, the Defendant admitted to possessing and transporting marijuana to officers; throughout the entire time the Defendant's charges have been pending, he has been represented by counsel. The Defendant has been represented by his own Counsel which was retained in December and that counsel is certainly competent and has represented him as such throughout the entire process including filing and arguing various motions before the Court.
 

 Upon its findings, the court concluded:
 

 ....
 

 2. Where a guilty plea is sought to be withdrawn by the defendant after sentencing, it should be granted only to avoid manifest injustice;
 
 State v. Handy
 
 ,
 
 326 N.C. 532
 
 ,
 
 391 S.E.2d 159
 
 (1990).
 

 3. Based on the above Findings of Fact the Court finds as a matter of law that no manifest injustice exist[s].
 

 *556
 
 4. The Court concludes as a matter of law that the Motion is without merit and that it is not supported by any facts in any respects, thus there is no manifest injustice by denying the Defendant's motion.
 

 Based upon the findings of fact and conclusions of law, the trial court denied the Motion. From the trial court's order denying the Motion, Defendant appeals.
 

 II. Discussion
 

 Defendant argues that the trial court erred by denying his Motion because the circumstances demonstrate that withdrawal of his plea would prevent manifest injustice. We disagree.
 

 *869
 

 A. Standard of Review
 

 When a defendant seeks to withdraw a guilty plea, and the "defendant's motion to withdraw his plea was made post-sentence, it is properly treated as a motion for appropriate relief."
 
 State v. Monroe
 
 ,
 
 822 S.E.2d 872
 
 , 875 (N.C. Ct. App. 2017) (citation omitted). When reviewing "a trial court's findings on a motion for appropriate relief ..., [the] findings are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion."
 
 State v. Wilkins
 
 ,
 
 131 N.C. App. 220
 
 , 223,
 
 506 S.E.2d 274
 
 , 276 (1998) (citations omitted). Unchallenged findings of fact are "presumed to be supported by competent evidence and are binding on appeal."
 
 State v. Evans
 
 ,
 
 251 N.C. App. 610
 
 , 613,
 
 795 S.E.2d 444
 
 , 448 (2017) (brackets and citations omitted). "[T]he trial court's conclusions of law are fully reviewable on appeal."
 
 State v. Johnson
 
 ,
 
 126 N.C. App. 271
 
 , 273,
 
 485 S.E.2d 315
 
 , 316 (1997).
 

 B. Analysis
 

 "When a defendant seeks to withdraw a guilty plea after sentencing, his motion should be granted only where necessary to avoid manifest injustice."
 
 State v. Suites
 
 ,
 
 109 N.C. App. 373
 
 , 375,
 
 427 S.E.2d 318
 
 , 320 (1993) (citations omitted). "Some of the factors which favor withdrawal include whether the defendant has asserted legal innocence, the strength of the State's proffer of evidence, the length of the time between entry of the guilty plea and the desire to change it, and whether the accused has had competent counsel at all relevant times."
 
 State v. Handy
 
 ,
 
 326 N.C. 532
 
 , 539,
 
 391 S.E.2d 159
 
 , 163 (1990) (citations omitted). "Misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors for consideration."
 

 Id.
 

 "A plea is voluntary and knowing if it is made by someone fully aware of the direct consequences of the plea."
 

 *557
 

 Wilkins
 
 ,
 
 131 N.C. App at 224
 
 ,
 
 506 S.E.2d at 277
 
 (citations omitted). Moreover, "[i]n cases where there is evidence that a defendant signs a plea transcript and the trial court makes a careful inquiry of the defendant regarding the plea, this has been held to be sufficient to demonstrate that the plea was entered into freely, understandingly, and voluntarily."
 

 Id.
 

 (citations omitted).
 

 Defendant challenges just two of the trial court's 15 findings of fact. Specifically, Defendant challenges finding 13, that he "entered into ... the plea ... freely, voluntarily, and understandingly," and finding 14, that his "plea was not entered into in haste, under coercion or at a time when the Defendant was confused." Defendant does not challenge the court's remaining 13 findings, which are thus binding on appeal.
 
 Evans
 
 ,
 
 251 N.C. App. at 613
 
 ,
 
 795 S.E.2d at 448
 
 .
 

 Defendant argues that his plea should be withdrawn because he (1) is innocent, (2) pled guilty in haste, and (3) pled guilty in confusion and "based on the erroneous belief that all three convictions would be consolidated into a single conviction."
 

 Defendant's claim of innocence is belied by the record, which indicates that Defendant admitted at the hearing on his Motion that he possessed three pounds of marijuana on the date of the offense. Moreover, the trial court found that Defendant did not assert his legal innocence at the plea hearing or in his filed Motion for Appropriate Relief, and Defendant did not challenge this finding, which is thus binding on appeal.
 
 Id
 
 . Accordingly, Defendant's claim that his innocence requires the withdrawal of his plea is meritless.
 

 Defendant next claims that he pled guilty in haste, and that he had "less than 10 minutes" to think about the plea. However, the court found that Defendant had approximately two hours to consider his options. Defendant did not challenge this finding, which is therefore binding on appeal,
 

 id.
 

 , rendering Defendant's claim that he pled guilty in haste also unavailing.
 

 Lastly, Defendant claims that he pled guilty in confusion and based on a misunderstanding of the law, specifically claiming that he erroneously believed "that all three convictions would be consolidated into one conviction." However, the transcript from the
 
 *870
 
 plea hearing reveals that the trial court made a careful inquiry of Defendant regarding his decision to plead, the accuracy of which Defendant confirmed by executing a Transcript of Plea form. These two things demonstrate that the plea was entered into knowingly, voluntarily, and with an understanding of the direct consequences of the plea.
 
 State v. Russell
 
 ,
 
 153 N.C. App. 508
 
 , 511,
 
 570 S.E.2d 245
 
 , 248 (2002) ;
 
 *558
 

 Wilkins
 
 ,
 
 131 N.C. App at 224
 
 ,
 
 506 S.E.2d at 277
 
 . Moreover, the trial court found Defendant's contentions that he was "confused and did not understand the questions" during the plea hearing "not credible[,]" and Defendant did not challenge this finding, which is thus binding on appeal.
 
 Evans
 
 ,
 
 251 N.C. App. at 613
 
 ,
 
 795 S.E.2d at 448
 
 . Defendant's claim that he pled guilty in confusion and based on a misunderstanding of the law is therefore also meritless.
 

 III. Conclusion
 

 Since Defendant was represented by competent counsel, had ample time to consider and discuss the plea with his attorney, and was thoroughly questioned by the trial court about his decision to plead and the effects of his decision to plead guilty to three criminal charges, we conclude that Defendant is unable to establish manifest injustice and unable to show that the trial court erred by denying his Motion. As Defendant entered into the plea knowingly, voluntarily, and with an understanding of the direct consequences,
 
 Wilkins
 
 ,
 
 131 N.C. App at 224
 
 ,
 
 506 S.E.2d at 277
 
 , we determine that the trial court properly denied Defendant's Motion.
 

 AFFIRMED.
 

 Judges BRYANT and STROUD CONCUR.