IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-51

Filed 19 December 2023

Wayne County, No. 03 CRS 60546

STATE OF NORTH CAROLINA

v.

LUIS FERNANDO SALDANA.

Appeal by Defendant from an order entered 10 May 2022 by Judge William W. Bland in Wayne County Superior Court. Heard in the Court of Appeals 6 September 2023.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Caden W. Hayes, for the State.*

> *Appellant Defender Glenn Gerding, by Assistant Appellate Defender Heidi Reiner, for the Defendant.*

> *North Carolina Advocates for Justice, by Christopher J. Heaney and North Carolina Justice Center, by Daniel Melo, Amici Curiea.*

WOOD, Judge.

Luis Fernando Saldana ("Defendant") appeals from the trial court's order denying his motion to withdraw his guilty plea entered 8 February 2005. After careful consideration of the record and applicable law, we affirm the trial court's order.

## I.    Factual and Procedural Background

On 3 January 2005, Defendant was indicted by a grand jury for felony possession of cocaine, misdemeanor possession of a controlled substance, and misdemeanor possession of drug paraphernalia. On 8 February 2005, Defendant, through counsel, entered a plea of guilty to felony possession of cocaine in order to receive a conditional discharge pursuant to N.C. Gen. Stat. § 90-96. As a part of the plea transcript, Defendant affirmed, under oath, that he was satisfied "with [his] lawyer's legal services"; that he understood "the nature of the charges" and discussed "possible defenses" with his lawyer; that he had "the right to plead not guilty and be tried by a jury"; and that "if [he] was not a citizen of the United States of America, [his] plea[] of guilty . . . may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." The State, as part of the agreement, agreed to dismiss the pending misdemeanor charges.

The trial court accepted Defendant's plea on 8 February 2005 and, pursuant to the provisions of § 90-96, "defer[red] further proceedings" pending successful completion of various conditions, including payment of all fees, completion of a drug education program, and supervised probation. On 7 February 2006, the trial court, satisfied Defendant had complied with the previously imposed conditions for a conditional discharge, dismissed the charges against Defendant pursuant to the provisions of § 90-96.

At the time of these proceedings, Defendant, an undocumented immigrant, resided in North Carolina, had been married since 2004 to an American citizen, and

was the father to a child born of the marriage. After the charges were dismissed against Defendant, he continued to reside in the United States and raise his three children with his wife. In 2021, Defendant was detained by immigration officials and sent to Stewart Detention Center in Lumpkin, Georgia as a consequence of the 2005 guilty plea entered pursuant to § 90-96. Because of his undocumented status and guilty plea to a felony, Defendant was subject to mandatory detention without bond.

On 19 January 2022, Defendant, through new counsel, filed a motion to withdraw his § 90-96 guilty plea. Defendant asserted that he had a "fair and just" reason to withdraw his guilty plea, because he was "confused" and did not know "that the conditional discharge would not result in the withdrawal of his guilty plea and that the guilty plea would still continue to constitute a conviction for [federal law] immigration purposes." Specifically, Defendant alleged he did not "understand that the guilty plea would not be fully withdrawn upon his discharge from the post-plea diversion program." Defendant further alleged his guilty plea "is unfairly preventing Defendant from applying [for] cancellation of removal for non-lawful permanent residents or consular processing with a 1-601A waiver" in order for Defendant to remain in the United States. Defendant's motion also specifically stated he was not contending his original trial attorney rendered ineffective assistance of counsel.

On 6 May 2022, the trial court heard Defendant's motion. At the hearing, Defendant's counsel argued Defendant "was confused, he was misled by the circumstances" when he entered the § 90-96 guilty plea and based on communications

with "officers of the court, . . . he believed that he would be left with, quote, a clean slate." During the hearing, Defendant's wife testified that shortly after Defendant's guilty plea was dismissed, the couple met with an immigration attorney "about what process we would need to go through to get him legal status." According to Defendant's wife, the immigration attorney told them there were "some laws or something hindering at the time, but they didn't tell him specifically what it was, that it would be better if we waited and came back because there was going to be an election at the time, and they didn't know if that would affect things."

Following Defendant's wife's testimony and arguments from the parties, the trial court denied Defendant's motion. On 10 May 2022, the trial court entered a written order, formally denying Defendant's motion. In its written order, the trial court treated Defendant's motion as a motion for appropriate relief ("MAR") but noted that under either the "fair and just" standard or the "manifest injustice" standard, Defendant had not shown entitlement to relief. The "fair and just" standard applies to motions to withdraw a plea, and the "manifest injustice" standard applies to MARs. The trial court found "[D]efendant was represented by competent counsel . . . well-known to the court as a skilled attorney with years of experience." Additionally, the trial court noted that in the plea transcript Defendant marked the box acknowledging that he understood the plea could have immigration consequences and "nothing was presented or shown to support any assertion that [D]efendant was 'misled' by the court or by his trial counsel." Accordingly, the court found "[t]he plea was not the

result of misunderstanding, haste, coercion, or confusion, but was entered knowingly and voluntarily." The trial court further found that while "[t]he contention that sentencing was never entered is probably correct," this is "not a dispositive issue" because the case "was fully dismissed by the court in a fair and just manner." On 11 May 2022, Defendant filed written notice of appeal.

## II.    Analysis

### A. Appellate Jurisdiction

Defendant alleges the trial court addressed his claim as a motion to withdraw a plea and as a MAR. Defendant contends his pleading should have been treated by the trial court solely as a pre-sentence motion to withdraw his plea allowing him a right of direct appeal, but he has also filed a petition for *writ of certiorari* with this Court requesting appellate review of the merits of his appeal if his motion is treated as a MAR. According to Defendant, in consideration of the "seriousness of the consequences of allowing this plea to remain, the questionable constitutional validity of the plea itself, and the unusual procedural posture of his case," this Court should grant his *writ of certiorari* to "address the meritorious claim raised in [his] brief." In response, the State has filed a motion to dismiss Defendant's appeal.

Because Defendant filed the MAR "long after the time for taking appeal had expired, he can obtain appellate review of the court's ruling only by a petition for a *writ of certiorari.*" *State v. Isom*, 119 N.C. App. 225, 227, 458 S.E.2d 420, 421 (1996) (emphasis added); N.C. Gen. Stat. § 15A-1422(c)(3) (2023). In our discretion, we grant

Defendant's petition for *writ of certiorari* to consider the merits of Defendant's appeal and deny the State's motion to dismiss Defendant's appeal.

**B. Standard of Review**

Defendant argues the trial court "erred by denying [his] motion to withdraw his [§ 90-96] guilty plea because [he] gave fair and just reasons for doing so." The basis of Defendant's argument rests on the misapprehension that his motion to withdraw was asserted before sentencing on his plea and thus can be withdrawn if he can show a fair and just reason to do so. In refuting Defendant's characterization of the motion to withdraw, the State argues the trial court appropriately categorized Defendant's motion as a MAR which requires Defendant to prove his guilty plea amounts to "manifest injustice" and that Defendant is unable to do so.

Whether a defendant should be allowed to withdraw a guilty plea is a question of law, which is reviewed *de novo*. *State v. Handy*, 326 N.C. 532, 539, 391 S.E.2d 159, 163 (1990). Under the *de novo* standard of review, the reviewing court considers the matter anew and freely substitutes its own judgment for the lower court's judgment. *Sutton v. N.C. Dep't of Lab.*, 132 N.C. App. 387, 389, 511 S.E.2d 340, 341 (1999) (citation omitted).

When considering rulings on MARs, we review the trial court's order to determine "whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court." *State v. Frogge*, 359 N.C. 228, 240, 607

S.E.2d 627, 634 (2005) (citation omitted). When a trial court's findings on a MAR are reviewed, "these findings are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion. However, the trial court's conclusions are fully reviewable on appeal." *State v. Lutz*, 177 N.C. App. 140, 142, 628 S.E.2d 34, 35 (2006) (citation omitted). Because the facts underlying this case as described in the trial court's findings of fact are undisputed, we only consider whether the trial court correctly concluded that Defendant was not entitled to relief.

**C. N.C. Gen. Stat. § 90-96 Conditional Discharge Guilty Plea**

Under § 90-96, in certain circumstances, when an individual who has not previously been convicted of "(i) any felony offense under any state or federal laws . . . pleads guilty to or is found guilty of" certain drug and controlled substances offenses, the trial court "shall, without entering a judgment of guilt and with the consent of the person, defer further proceedings and place the person on probation upon such reasonable terms and conditions as it may require . . ." N.C. Gen. Stat. § 90-96(a) (2023). Thus, § 90-96 provides a special form of conditional discharge wherein certain qualifying defendants may, for only their first qualifying offense, plead guilty or no contest, and "[u]pon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings." N.C. Gen. Stat. § 90-96(a). The statute further provides that after successful completion of these terms and conditions, the discharge and dismissal of the case "shall be without court adjudication of guilt and

shall not be deemed a conviction." N.C. Gen. Stat. § 90-96(a). Such a dismissal is "final for the purpose of appeal." N.C. Gen. Stat. § 90-96(a).

The record evidence shows Defendant entered a guilty plea pursuant to § 90-96 to defer further prosecutorial proceedings, complied with the conditions set forth in the guilty plea, and after successfully complying with the conditions, the trial court discharged and dismissed the proceedings against him. N.C. Gen. Stat. § 90-96. However, Defendant and the State characterize Defendant's motion to withdraw his guilty plea as two different procedural mechanisms for requesting relief.

In *State v. Handy,* our Supreme Court examined the distinction between the treatment of a motion to withdraw a guilty plea made prior to sentencing and one made after sentencing. 326 N.C. at 536, 391 S.E.2d at 161. According to *Handy*, "[a] motion to withdraw a guilty plea made before sentencing is significantly different from a post-judgment or collateral attack on such a plea, which would be by a motion for appropriate relief." *Id.* (citations omitted).

> A motion for appropriate relief is a *post-verdict* motion (or a post-sentencing motion where there is no verdict) made to correct errors occurring prior to, during, and after a criminal trial. N.C.G.S. § 15A-1411 (1988); Bailey, *Trial Stage and Appellate Procedure Act: An Overview*, 14 Wake Forest L. Rev. 899, 905-06 (1978). A party may make the motion "[a]fter the verdict but not more than 10 days after entry of judgment." N.C.G.S. § 15A-1414(a) (1988). "Entry of [j]udgment" occurs "when sentence is pronounced." N.C.G.S. § 15A-101(4a) (1988).

*Id.* at 535, 391 S.E.2d at 160-61. The Court reasoned that a "fundamental distinction

exists between situations in which a defendant pleads guilty but changes his mind and seeks to withdraw the plea before sentencing and in which a defendant only attempts to withdraw the guilty plea after he hears and is dissatisfied with the sentence." *Id.* at 536, 391 S.E.2d at 161. In explaining the difference in treatment of the two motions, the Court noted:

> [i]n a case where the defendant seeks to withdraw his guilty plea before sentence, he is generally accorded that right if he can show any fair and just reason. On the other hand, where the guilty plea is sought to be withdrawn by the defendant after sentence, it should be granted only to avoid manifest injustice.

*Id.* (citations omitted).

In the present case, the trial court correctly interpreted Defendant's motion as a post-judgment motion on a guilty plea and thus, treated the motion as a MAR. The trial court's dismissal of Defendant's charge in 2006 pursuant to § 90-96, constituted the "final judgment" of this matter. When Defendant pleaded guilty in 2005, the trial court imposed various conditions to the § 90-96 conditional discharge, including payment of restitution and community service, which Defendant eventually fulfilled. On 7 February 2006, the trial court entered final judgment on Defendant's felony possession of cocaine charge by dismissing the charge under the terms of the § 90-96 judgment. Therefore, Defendant's motion, brought nearly eighteen years after his case was dismissed, is a post-sentence MAR requiring Defendant to show manifest injustice in order to withdraw his guilty plea.

Our case law sets forth six non-exclusive factors to consider when determining whether a defendant has shown sufficient cause to withdraw his plea and these factors remain the same whether defendant has made a "pre-" or "post-sentencing" motion. *State v. Konakh*, 266 N.C. App. 551, 556-57, 831 S.E.2d 865, 869 (2019) (citation omitted). The six factors include: (1) defendant's assertion of legal innocence; (2) the strength of the State's case; (3) the length of time between entry of the plea and the motion to withdraw; (4) the competency of counsel; (5) misunderstanding the consequences of the guilty plea, hasty entry, confusion, and coercion; and (6) prejudice to the State. *See State v. Taylor,* 374 N.C. 710, 719-25, 843 S.E.2d 46, 52-56 (2020) (citing *Handy,* 326 N.C. at 539, 391 S.E.2d at 163).

If a defendant makes a *prima facie* showing of the existence of manifest injustice, "[t]he State may refute the movant's showing by evidence of concrete prejudice to its case by reason of the withdrawal of the plea. *Prejudice to the State is a germane factor against granting a motion to withdraw.*" *Id.* at 725, 843 S.E.2d at 56 (citing *Handy,* 326 N.C. at 539, 391 S.E.2d at 163).

In the present case, Defendant does not argue the first four factors related to the denial of his motion to withdraw his plea. Defendant has not asserted his legal innocence and he has not contested the strength of the State's proffer of evidence for his felony possession of a controlled substance. Furthermore, Defendant filed his "motion to withdraw" the guilty plea nearly eighteen years after it was entered. Additionally, Defendant's motion at trial and in his brief before this Court clearly

states he is not raising an argument as to his attorney's competency or effective assistance. Instead, Defendant alleges he should be permitted to withdraw his guilty plea based upon a "[m]isunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion." Defendant contends

> his hasty plea was marred by confusion and a lack of understanding about the severe immigration consequences that would result from the plea. In the month between indictment and plea, [Defendant] was not informed about, nor did he come to understand, the certain and grave immigration-related consequences his conditional discharge plea would entail. Instead, [Defendant] reasonably understood a conditional discharge to mean dismissal of the charges and restoration to the position he was in before any allegations were made. [Defendant] had no inkling that a dismissal would be used against him to bar granting him a green card, to deport him, and to permanently bar him from reentering the United States.

Defendant asserts he believed that his guilty plea would be "fully withdrawn" upon his completion of the conditions imposed by the trial court pursuant to § 90-96, so that the dismissed felony charge would be wiped clean from his record and could not later be used against him. Defendant argues he did not learn until 2021 that his "conviction in this matter was only discharged for state purposes but not for immigration purposes" and that his guilty plea could lead to him being "held in immigration custody subject to mandatory detention." Defendant contends he was unaware that his entering a guilty plea under a § 90-96 conditional discharge agreement would qualify as a "conviction" under federal immigration law. Defendant argues had he "fully understood the consequences of taking the plea, in light of the

extreme immigration consequences, [he] likely would have made a different choice and taken his chance at trial." While we are sympathetic to Defendant's purported misunderstanding of the consequences of his guilty plea, Defendant has not demonstrated the existence of a manifest injustice.

A plea agreement is contractual in nature, and the parties are bound by its terms. *State v. Russell*, 153 N.C. App. 508, 509, 570 S.E.2d 245, 247 (2002) (citation omitted). A court may accept a guilty plea only if it is "made knowingly and voluntarily." *State v. Wilkins*, 131 N.C. App. 220, 224, 506 S.E.2d 274, 277 (1998) (citations omitted). A plea is voluntarily and knowingly made if the defendant is made fully aware of the direct consequences of his plea. *Id.* at 224, 506 S.E.2d at 277 (citations omitted).

In consideration of whether there is manifest injustice on the grounds of a misunderstanding of the consequences of a guilty plea, a defendant "must show that the misunderstanding related to the *direct consequences* of his plea, not a misunderstanding regarding the effect of the plea on some collateral matter." *State v. Marshburn*, 109 N.C. App. 105, 109, 425 S.E.2d 715, 718 (1993). "Direct consequences are those having a definite, immediate and largely automatic effect on the range of the defendant's punishment for the crime charged." *Id.* (cleaned up).

In *Marshburn*, we considered the effect a defendant's guilty plea would have upon his pending federal criminal proceedings. In that case, the defendant sought to withdraw his eight-month-old guilty plea prior to "sentencing." *Id.* Seeking to

withdraw his plea, the defendant argued he entered the plea "with the understanding that it would not count as a conviction in a pending federal drug case when in fact it was considered by the federal court as a conviction." *Id.* at 108, 425 S.E.2d at 718. This Court rejected such a contention and concluded that "[a]ny effect [the defendant's] plea had on the pending federal criminal proceedings was collateral and therefore not a basis for supporting a motion to withdraw the plea at issue." *Id.* at 109, 425 S.E.2d at 718. Accordingly, the defendant did not even satisfy the "fair and just reason" standard. *Id.*

Here, Defendant's contention that he misunderstood the consequences of his guilty plea under a state statute would qualify as a conviction under federal immigration law is similar to the defendant's argument in *Marshburn*. Here, as in *Marshburn*, the effect of Defendant's guilty plea on his federal immigration proceedings is a collateral rather than a direct consequence of his plea.

Furthermore, this Court has previously determined "if the defendant signed a Transcript of Plea and the record reveals the trial court made 'a careful inquiry' of the defendant, it is sufficient to show the defendant's plea was knowingly and voluntarily made, with full awareness of the direct consequences." *Russell*, 153 N.C. App. at 511, 570 S.E.2d at 248 (citation omitted). Here, Defendant acknowledged under oath his awareness that his "plea[] of guilty . . . may result in deportation . . . or the denial of naturalization under federal law[.]" Therefore, at the time Defendant entered his guilty plea, he was warned he was subject to deportation as an

undocumented immigrant residing in the United States. Defendant has not

presented any "clear and convincing evidence to the contrary." *State v. Ager*, 152 N.C.

App. 577, 584, 568 S.E.2d, 328, 332 (2002) (noting that when a defendant states

something under oath in conjunction with a plea, he is bound by such assertion

"absent clear and convincing evidence to the contrary."). Furthermore, we note that

at the time of Defendant's guilty plea, he was subject to removal from the United

States regardless of the conditional discharge because of his status as an

undocumented immigrant.

> The State also aptly notes that at the time Defendant entered his guilty plea,

> > the law was unclear as to whether a conditional discharge
> > would qualify as a "conviction" for immigration purposes.
> > Indeed, it was not until 2017 that the Fourth Circuit
> > definitively ruled that a conditional discharge guilty plea
> > is a conviction under federal immigration law. *See Jacquez
> > v. Sessions*, 859 F.3d, 258, 261-64 (2017). Before that, the
> > Fourth Circuit had ruled that, at least in some instances, a
> > conditional discharge was not a "conviction," for
> > immigration purposes. *See Crespo v. Holder*, 631 F.3d 130,
> > 136 (2011).

Defendant has not presented "clear and convincing" evidence to show he

misunderstood the consequences of his plea or that he did not do so willingly and

knowingly at the time his § 90-96 guilty plea was entered. Under North Carolina

law, Defendant received exactly what he bargained for under his plea agreement: in

exchange for his plea of guilty to the felony possession of cocaine charge, Defendant's

remaining charges were dismissed, and he received a conditional discharge of the

felony upon the completion of the conditions set by the court under state law. While Defendant may now regret the consequences of his guilty plea in light of its implications under federal law, his remorse does not reflect a misunderstanding of the guilty plea *at the time* he entered into it. Based upon the record evidence before us, Defendant has not presented sufficient evidence to establish "manifest injustice" in order for his guilty plea under N.C. Gen. Stat. § 90-96 to be withdrawn.

### III.   Conclusion

For the reasons stated above, we affirm the trial court's order denying Defendant's motion to withdraw his guilty plea under N.C. Gen. Stat. § 90-96.

AFFIRMED.

Judges CARPENTER and STADING concur.